JOHN A. HOLT, plaintiff in error,  vs. H. E. EXPERIENCE, defendant in error.

The salaries of the officers of municipal corporations, under $500, are not subject to garnishment, by the laws of this State.

Certiorari,  from Bibb.   Decision  by  Judge LAMAR, June Term, 1858.

Harriet E. Experience held  a  judgment against  John  A. Holt, and  garnished  the  Mayor and Council of the  City of Macon ; and in answer to said garnishment, said Mayor and Council, by its  proper  officer, answered that they had funds in hands belonging to said defendant.   Plaintiff  proceeded to enter up judgment against said Mayor and Council.

Defendant objected upon the  ground, that he was an officer of said corporation, and that the same  could not be  garnished for the salary of  its  officers—which  was  overruled. These proceedings  were brought before the  Superior Court from the Justices Court, and  sustained ; whereupon, the defendant by his counsel excepted and assigns error.

LOCHRANE & LAMAR, for plaintiff in error.

MASSEY, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The only question in this case is, whether the salary, less than $500, of an officer of the municipal corporation of Macon, is subject to garnishment?

And to my mind, I must say, it is pretty plain. I am strongly inclined to think, that municipal corporations never were liable to garnishment, in this State, for the salaries of its officers. It is true, the Act of 1832 *(Prince, 473,)* is very broad. It declares, " that all banks, banking companies, and other corporations in this State, shall be liable to garnishment, both in cases of attachment and cases at common law." Why put banks and banking companies at the head of the list of corporations intended to be made subject to this process? Does it not indicate the legislative mind, that that Act was intended to embrace private and not public corporations? Naming, as it does, private and inferior corporations, can the Act, by the use of any general terms, be extended to public and superior corporations? We think not. There is the same reason for exempting the officers of municipal corporations from process of garnishment, that there is any other governmental agents. These local governments must be carried on; and its officers, like those of all other governments, are usually poor, and dependant upon their salaries for their support.

But were it otherwise, I should have no difficulty in this case. By the proviso to the Act of 1832, the corporations therein enumerated, are exempt from garnishment for the salaries of their officers. This section was repealed by the Act of 1834, *(Pamphlet, p.* 145,) re-enacted by the Act of 1835, *(Pamphlet, p.* 103.) It was repealed again by the 1st section of the Act of 1850, *(Cobb,* 88,) and the 2d second section of

the Act of 1850, was substituted in lieu thereof, which is to this effect: "All banks, banking companies, and other corporations in this State, *except municipal corporations*, shall be liable to be garnisheed for the salaries of its officers, in all cases where such salary exceeds the sum of five hundred dollars."

A very obvious criticism is suggested by this Act, adverse to the view that municipal corporations never were liable to garnishment. Why exempt them?

I need not reply, that owing to the mode in which our legislation is conducted, it will not .do to subject the language of statutes to too close a scrutiny. The further answer is this : that it had been held, that municipal corporations were subject to this process by some Courts, and therefore, out of abundant caution, and to secure to them entire immunity, the Act excepted them by name.

But to come back. What is the true exposition of the 2d section of the Act of 1850 ? The *proviso* of the Act of 1832, exempting salaries, is repealed. True ; journeymen mechanics and day laborers were still protected by the Act of 1845, *(Cobb, 88,)* but the salaries of all other persons are made liable. The 2d section of the Act of 1850 must then be construed.

It either means to exempt the salaries of the officers of all corporations, under $500, or it means nothing at all. It clearly, by implication or negative pregnant, subjects these salaries where they exceed the sum of $500. Before this Act, we have seen that all salaries were subject, whatever their amount might be. The very object of the Act was to exempt salaries under $500; and it is upon this construction alone, that the decision made by this Court, during the present Term, in the case of *Arnold vs. Russell*, and in which I did not preside, can be sustained. The debtor there was neither a journeyman mechanic, nor day laborer; and consequently, did not come under the Act of 1845. This point I learn from my brethren, was not brought to the considera-

tion of the Court; but it is clear, that the protection extended to the debtor in that case, who was the employee of a railroad, could not be justified under the interpretation now claimed for this Act. I believe, myself, the decision was right.

To recur then to the Act of 1850. By necessary implication, it exempts the salaries of all officers of all corporations whatever, from process of garnishment, where they are under $500. Where they exceed that sum, the salaries of officers of private companies are still subject. And the salaries of officers of municipal corporations are exempted, whatever the amount may be. Either this is so, or else they are liable, whatever the amount may be. For it is obvious, that the exception in the Act, either was intended to discriminate in favor of municipal corporations, and exempt them altogether, or to discriminate against them, and make the salaries of *their officers* liable, notwithstanding they might be less than $500. That is to say, the salaries of the city sexton, watch, police officers, &c., however scanty, should be wrested from the support of their wives and children, while the salaries of bank clerks, railroad agents, &c., should be exempt, provided they did not exceed $500, and then only for the excess! Such was not, and could not have been, the meaning of the Legislature. They designed to say, that the salaries of all banking and private corporation officers, over $500, should be liable to garnishment, at least for the excess; but that municipal officers were, and ever had been, free from this process.

The debtor, therefore, in this case, is doubly protected. His salary is less than $500, and hence he comes under the protection afforded to the small salaried officers of all corporations. And again, he is the officer of a public municipal corporation; and hence, if not upon general principles, he is certainly, under the Act of 1850, exempt from the operation of this process.

Now, if municipal corporations are not subject to garnish-

ment, Judge Cone's Act does affect them, of course. If otherwise, this case is covered by the decision in *Arnold vs. Russell*, heretofore referred to, and which the Papers seem to think a very good judgment; but somewhat strained, perhaps. All I have to say is, that the Courts ought to strain hard to withdraw some of the most salutary statutes in the code—the result of the experience of the wisest men who have lived to adorn and bless our State, and to make it what it is—from the operation of the *novel* repealing clause annexed to the Attachment and Garnishment Act of 1856.

Judgment reversed.