### THE CITY OF LAREDO V. JOSEPH NALLE.

(Case No. 2112)

1. GARNISHMENT—MUNICIPAL CORPORATIONS—In the absence of any statute providing that municipal corporations shall be exempt from garnishment, a city, like an individual or private corporation, is subject to the process of garnishment for any ordinary debt it may owe to a third person.
2. SAME—FUND SET APART FOR A PUBLIC BUILDING—PUBLIC POLICY—Public policy may demand that a sum set apart for erecting a public building, should not be taken during the progress of its construction, for the debt of the person contracting to do the work, for that might prevent its completion; but when the work is finished and the money has been earned, and is standing to the credit of the contractor with the city, it should be subject, like any other property, to the payment of his debts.
3. SEMBLE—EXECUTION AGAINST A CITY—There is no statute in this state forbidding an execution against a city, and it may be that a plaintiff who has obtained judgment in garnishment against such corporation, is entitled to the same process to enforce its collection as would be accorded to the creditor upon whose demand against the city the garnishment is founded.
4. CASES FOLLOWED—The cases of Rodman v. Musselman, 12 Bush. 315; Whidden v. Drake, 5 N. H. 13; Bray v. Wallingford, 20 Conn. 416; Mayor v. Horton, 38 N. J. Law, 88; Smart v. Hart, 33 Ala. 69, cited and followed.

ERROR from Webb.      Tried below before the Hon. J. C. Russell. The opinion states the case.

*Chas. McLane, City Attorney,* for plaintiff in error, that a municipal corporation, in the absence of a statute to the contrary, is exempt from the process of garnishment, cited: R. S., 183–220; City of Galveston v. Posnainsky, 62 Tex. 118.

That a special fund provided for the purposes of a public building is not subject to garnishment, he cited: Dillon on Mun. Corp., 128, 129; Waples on Attachment, 236, 237; Divine v. Harvil, 18 Am. Dec., 194.

*Showalter & Nicholson,* for defendant in error, that a municipal cor-

poration, in the absence of a statute to the contrary, is subject to garnishment process for an ordinary debt due to a third person, cited: John Highland v. City of Galveston, W. & W. Con. Rep., sec. 623; City of Austin v. Erwin, Tex. Law Rev., vol. 3, p. 310; Pendleton v. Perkins and City of St. Louis, 49 Mo. 565; Dillon on Mun. Corp., vol. 1, p. 129.

WILLIE, CHIEF JUSTICE.—Joseph Nalle sued L. J. Giraud upon a promissory note, and, upon the usual and proper allegations, obtained a writ of garnishment against the city of Laredo. Nalle, thereafter, took judgment by default against Giraud. The city appeared and answered by motion to quash the garnishment, and an admission that it was indebted to Giraud in the sum of $10,200.50, which was a balance due Giraud, as contractor, for building a city hall and market house for the city; that the sum was not a part of the general revenues of the city, but part of a special fund created for the purpose of paying for the city hall and market house. The cause was tried before the judge below without a jury, and judgment was rendered in favor of Nalle against the city, for the full amount of the judgment rendered in favor of defendant in error against Giraud. From that judgment the city appeals to this court, and the only question is, was the city of Laredo subject to the writ of garnishment sued out against it in this case?

We have no statute expressly providing that municipal corporations shall be exempt from garnishment, nor is there anything in those sections of our Revised Statutes which regulate the process inconsistent with its application to such corporations. Courts holding that cities are exempt from the writ, do so generally upon the ground of "the inconvenience and impolicy of interfering with the operations of municipal bodies by drawing them into controversies with which they have no concern, and diverting the public moneys from the channel in which, by the acts and ordinances of the corporation, they are required to flow." Drake on Attachment, sec. 516. Some courts, however, base their decisions upon the ground that an execution cannot be levied on the property of a city, and hold that as debts against a city cannot be collected by execution, neither can they be collected through garnishment. Mervin v. City of Chicago, 45 Ill. 133; City of Chicago v. Hasley, 25 Ill. 595.

On the contrary, "the argument in favor of holding such bodies as garnishees is derived from the policy of the law, which subjects all a debtor's property to the payment of his debts." Drake on Attachment, sec. 516.

The argument, drawn from the impolicy and inconvenience of calling off municipal officers from their duties to answer writs of garnishment, can be used with equal force to show that no suit whatever should be allowed against such corporations. The officers of a city are drawn from their duties to make answer as much in the one case, as in the other. Yet, we find them constantly called upon to answer suit for debt for damages, caused by the alleged neglect of the city's agent, or to writs of mandamus issued to compel them to perform their duties. To answer to these proceedings and properly defend them, the officers are frequently forced to leave their posts of duty, and to continue in attendance upon court for days, or weeks, if necessary, no matter how inconvenient it may be to the city government to dispense with their services. The policy of keeping the operations of municipal government free from the interference of law suits must yield to the more important policy of securing to the creditors and injured parties, payment of their debts and redress for their wrongs, to be enforced by the appropriate process of the law. It is not the policy of the law that the citizen should be wronged rather than that the city government should suffer inconvenience. Little difference, if any, exists between the inconvenience of answering to an ordinary suit and that of answering to a writ of garnishment. The latter is nothing more than a suit by the plaintiff in the writ against the city, the matter in dispute, if there be any dispute at all, being the alleged indebtedness of the city to the debtor of the plaintiff. It is not required to take part in the controversy between the plaintiff and the party for whose debt it is garnished. It cannot, therefore, be said, that in requiring a city to answer to a writ of garnishment, it is necessarily drawn into a controversy, with which it has no concern.

Neither is the public money thereby diverted from the channel in which it should flow. A payment to the plaintiff in garnishment is in effect a payment to the original creditor of the city. Take, for instance, the present case. Here the fund sought to be garnished was set aside to be paid out for the benefit of Giraud. He could direct it to be paid to anyone he might choose. He received the benefit of it if paid to his creditors ; and if, therefore, in obedience to the writ of garnishment, it was paid to Nalle, it was properly appropriated.

Public policy may demand that a fund set apart for erecting a public building, should not be taken for the debt of the person contracting to do the work during the progress of its construction, for this may prevent its completion. But when the work is finished and the money earned, and standing to the credit of the contractor with the city, it should be subject like any other property to the payment of his debts.

No one should be allowed to place his property beyond the reach of his creditors by keeping it in the possession of a municipal corporation.

The argument against the power to garnish a city, which rests upon the want of power to issue execution against this class of corporations, can have no force in this state. We have no statute forbidding the issuance of an execution against a city, and this process is denied by none of our decisions. We have a statute providing that execution shall not issue against a county. Rev. Stat., art. 679. By making this special provision in reference to one class of municipal corporations, the legislature indicated that the other class should not be exempted from execution. But, if not liable to have judgment against them collected by levy and sale of property, they are liable to an enforced payment by other process known to the law ; and it may be, that a plaintiff who has obtained judgment in garnishment against a city, may be entitled to the same process to enforce its collection as is accorded to the creditor upon whose demand against the city the garnishment was founded. We think, that for a debt, such as was due from the city of Laredo to Giraud, that city was liable to the process of garnishment.

This conclusion is supported by a number of decisions made by the courts of other states. Rodman v. Musselman, 12 Bush. 354; Whidden v. Drake, 5 N. H. 13; Bray v. Wallingford, 20 Conn. 416; Mayor v. Horton, 38 N. J. Law 88; Smart v. Hart, 33 Ala. 69. An opposite conclusion is reached by the courts of some other states, founded upon some one or other of the reasons which we have already discussed. City of Erie v. Knapp, 29 Penn. St. 173; Mallory v. Mariner, 15 Wise 193; Merwin v. Chicago, 45 Ill. 133; Mayor v. Root, 8 Md. 95; Holt v. Experience, 26 Ga. 113. Whilst some of these cases hold that a city is not liable to garnishment for any debt whatever, even though no statute exempts it, in others, the denial of the writ is based upon statutes. In others, the writs were sued out upon debts due for the salaries of officers or employees. These latter might possibly be supported upon the ground that to attach an officer's salary in the hands of the corporation would interfere with the proper discharge of his duties, and, perhaps, deprive the corporation of his services altogether.

The court of appeals of our state has held that a city cannot be garnished for salary due an officer. W. & W. Cond. Rep., sec. 623. Mr. Dillon, in his work upon municipal corporations, upon a full view of all the authorities, suggests, that "where the question is left entirely open by statute, or principle, a municipal corporation should

be exempt from liability of this character, with respect to its reve-
nues and the salaries of its officers; but when it owes an ordinary
debt to a third person, it should be subject to the process of garnish-
ment." 1. Dill. on Mun. Cor., sec. 101. This is the case of an ordi-
nary debt, not payable out of the general revenues of the city,
but out of a special fund in which Giraud, alone, was interested. It
is not a case where either current wages or overdue salary are sought
to be subjected to the writ. It does not involve the same principles,
in all respects, as are brought in question when states or counties are
sought to be garnished, in which cases it is generally held that cor-
porations, endowed with the sovereignty which these possess, are not
liable to this process.

We think that, for the character of debt due by the city of Laredo
to Giraud, it was subject to garnishment, and that there is no error
in the judgment of the district court, and it is affirmed.

AFFIRMED.

[Opinion delivered January 26, 1886.]