HERRING-HALL-MARVIN COMPANY v. BEXAR COUNTY.

Delivered March 24, 1897.

**Garnishment of County.**
A county is not subject to garnishment.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*C. A. Keller* and *Mason Williams*, for appellant.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—This is a garnishment suit wherein appellant garnished the county of Bexar in a suit against Otto Kroeger upon a claim of $4000 and interest. The affidavit, in the statutory form, was made September 2, 1896.

On October 5, 1896, the following answer was filed:

"Now comes Bexar County, acting by and through its County Judge, Hon. Bryan Callaghan, and answering under oath the writ of garnishment served upon it on the 2d day of September, 1896, says:

"That on the 6th day of January, 1896, it entered into a certain contract in writing with Otto P. Kroeger, whereby, in consideration of certain work to be performed and certain materials to be furnished by said Kroeger in the completion of a certain public building known as the Bexar County courthouse, according to certain plans and specifications referred to in said contract, it agreed to pay to said Kroeger the sum of $69,900.

"That said sum of money is a public fund raised by the assessment and levy of a tax upon the citizens of said county, under the laws of the State of Texas, and under the terms of said contract it was to be paid to said Kroeger upon estimates made by the architects in charge of said building and upon warrants issued by the County Commissioners Court from time to time as the work and completion of said building progressed.

"That pursuant to said contract it had paid to Otto P. Kroeger on the 2d day of September, the date of the service of said writ, the sum of

$53,770.14, and since that time it has paid to said Kroeger the sum of $6480, leaving a balance in the hands of said county of $9649.86, to be paid upon the condition that said work progresses and that said building is completed according to the terms and conditions of said contract and the plans and specifications aforesaid.

"That on said 2d day of September, 1896, said building was in process of construction and said contract had not been fully performed and completed, and that said building has not yet been completed nor said contract performed by the said Otto P. Kroeger, and that said building has not yet been inspected and accepted by said county, a contingency upon which the payment of the greater part of said sum of $9649.86 is dependent.

"That I can not now say that Otto P. Kroeger will perform said contract, or that he will complete said building, or that said building will be accepted, and that upon default in the aforesaid matters it will not be indebted to said Kroeger in any sum whatever.

"Wherefore said county answers that it is not indebted to Otto P. Kroeger at this time and was not so indebted at the time said writ was served upon it. That it has no effects belonging to the said Otto P. Kroeger in its possession, and that it had none at the time of the service of said writ. That it does not know of any other person or persons who are indebted to said Otto P. Kroeger, or who have effects belonging to him in their possession.

"That it has been to the expense of employing counsel to answer in this proceeding. for which it is entitled to reimbursement.

"Wherefore it prays that it be discharged, and that it have judgment for its attorney's fees and costs of suit."

On October 17, 1896, the following controverting answer was filed:

"Now comes L. G. Townsend, who, being first duly sworn, on his oath states: That he is the agent of plaintiff, Herring-Hall-Marvin Co., and that he controverts the answer of Bryan Callaghan, County Judge of said Bexar County, and says that said building has been completed and has been accepted, and is now in full possession and occupancy of said Bexar County; and said county is indebted to said Otto P. Kroeger.
                              "L. G. TOWNSEND.
"Subscribed and sworn to before me, this 17th day of October, A. D. 1896.          "NAT LEWIS, Clk. D. C. Bex. Co., Texas."

A motion to quash the writ was filed on October 5, 1896, and on October 23, 1896, was sustained. The grounds of this motion were:

1. That the county can not be sued unless the claim or demand upon which the suit is founded shall have first been presented to the County Commissioners Court for allowance, and such court shall have neglected or refused to audit or allow the same or any part thereof, which prerequisite can not be performed in a suit of this character, and was not performed in this suit.

2. That said county is not subject to garnishment, for the reason that no execution can be issued against it for debts due by it or upon any judgment against it.

3. Because Bexar County is a public or quasi public corporation, organized under and governed by the general laws of the State. It constitutes a part of the general government of the State, and its affairs are administered for the general public good, and a garnishment proceeding against the county is against public policy and void.

This motion, it seems, was heard before plaintiff had judgment in its suit against Kroeger. The court overruled plaintiff's objection to having the motion passed on at that time, and sustained the motion for the third reason. The appeal is taken from this judgment.

If the court did not err in its ruling that a county is not subject to be sued in garnishment, no right of plaintiff could have been prejudiced by rendering the judgment before disposing of the principal case; and we therefore pass over the first assignment.

Before proceeding to consider the ruling of the court, we will dispose of the fourth assignment, which is, in effect, that as there could be no lien on the courthouse building, the fund derived from taxation for the purpose of constructing it was subject to an equitable lien in favor of plaintiff, and it should be substituted in the place of the building, and subjected to the lien given by the Constitution and laws to material men and subcontractors.

The case does not involve any such matter. The sole question is whether or not the county is subject to the writ of garnishment upon any view of the case as made in the answer and controverting plea.

It is very generally held that neither a city nor a county is subject to this process, the same reasons for the rule being given in both instances. The governing reason assigned in the cases is that it would subject public officers to vexation and inconvenience and the municipality to the loss of their proper services, which public policy forbids. This reason, however, has been held in this State not to be a good and sufficient one for denying the remedy against a municipal corporation. Laredo v. Nalle, 65 Texas, 361. If the reason fails in the case of a city, it fails equally in the case of a county.

Nor do we think the statutory prohibition of execution against counties has anything to do with the question. Counties, as well as cities, are liable to enforced payment of judgments by other processes known to the law. Laredo v. Nalle, supra; Nolan County v. State, 83 Texas, 201.

It is a well established principle that a county can not be sued except by authority of statute. Galveston v. Posnainsky, 62 Texas, 127. If the statute declared counties liable to suit, without any restriction upon that right, we would be inclined, following 65 Texas, 361, to hold that a garnishment would be authorized. The statute, however, places a limitation or restriction upon the right to sue a county.

Article 790, Revised Statutes of 1895, reads: "No county shall be sued unless the claim upon which such suit is founded shall have first

been presented to the County Commissioners Court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof."

A claim allowed by the Commissioners Court can not be sued upon, but takes the course prescribed by law for its payment, unless some act of repudiation is done. If not allowed, it may be sued upon. The disallowance is a prerequisite to the right to sue, and a petition failing to allege this is demurrable.

The statutory provision is, we think, preclusive of the right to proceed against a county by garnishment. As we construe it, the article authorizes a suit only on the claim presented for allowance or some part thereof.

A garnishment against the county is a suit against the county, and is the foundation of the garnishing creditor's claim, if any, against it. What claim or demand can possibly exist in favor of such creditor against the county prior to the institution of such suit? It seems to us that, in the nature of things, he is not capable of performing the condition precedent to a suit against the county, for before he begins the proceeding, he has no claim against it to present for allowance, and the statute forbids a suit not based on the prior refusal, or a failure to allow the same.

If the claim should be allowed, no suit can be brought thereon against the county by the claimant, and of course, under such circumstances, his creditors could not maintain a garnishment proceeding. If it should be disallowed, the suit contemplated by the statute is, as we have said, upon the claim itself.

For these reasons the judgment is affirmed.

*Affirmed.*

Writ of error refused.