## City of Sherman v. Nancy A. Shobe et al.

### No. 938. Decided November 1, 1900.

**1. Garnishment—County.**

  A county is not subject to the writ of garnishment. (Pp. 129, 130.)

**2. Same—Waiver.**

  Waiver of the immunity of a county from garnishment must come from the debtor whose interest is involved, not from the garnishee, who has no legal interest in the question to whom its debt should be paid. (P. 131.)

**3. Garnishment—City—Current Expenses.**

  The exemption from creditors of money raised by taxation for payment of the current expenses of a city government, protects from garnishment the indebtedness of a county to such city for expenses paid by it in maintaining the quarantine made necessary by an epidemic. (P. 131.)

    Error to the Court of Civil Appeals for the Fifth District,. in an appeal from Grayson County.

    Nancy A. Shobe, as holder of a judgment against the city of Sherman, sued out garnishment against Grayson County as a debtor of the city, and the latter was brought in as a party by the garnishee's answer. Plaintiff had judgment against the garnishee and the city appealed and on its affirmance obtained writ of error.

    *G. P. Webb,* City Attorney, and *B. L. Jones,* special counsel, for appellant in the Court of Civil Appeals; *W. J. Brown,* City

Attorney, and *Sidney Wilson,* special counsel, for plaintiff in error.—A garnishment proceeding against the funds of a city is against public policy, a violation of the public revenues, and void. Gordon v. Thorp, 53 S. W. Rep., 359; City of Sherman v. Williams, 19 S. W. Rep., 606; Klein v. New Orleans, 99 U. S., 149; 15 Am. and Eng. Enc. of Law, 1070; 1 Dillon, Mun. Corp., 4 ed., 100; Freem. on Ex., 22, 126.

The debt due the city of Sherman by the county of Grayson is public revenues of the city of Sherman and should be treated as such. Freem. on Ex., par. 126; Black's Law Dic.; 22 Kan., 712.

A garnishment proceeding against the county is a suit against a county within the meaning of the Revised Statutes, article 790. Herring-Hall-Marvin Co. v. Bexar County, 40 S. W. Rep., 145; City of Laredo v. Nalle, 65 Texas, 361.

Article 790, Revised Statutes of the State of Texas, is not an exemption to the county from suits, but is an inhibition of all such suits against the county, and the question of a waiver can not arise. Same authorities.

The exemption of a county from garnishment is of such a nature that it can not be waived. 8 Am. and Eng. Enc. of Law, 1135.

The county of Grayson is not subject to garnishment, for the reason that no execution lies for debts due by it or upon any judgment against it. Because Grayson County is a public or a quasi public corporation organized under and governed by the general laws of the State of Texas, it constitutes a part of the general government of the State and its affairs are administered for the general public good, and a garnishment proceeding against the county is against public policy and void. Rev. Stats., art. 792; City of Laredo v. Nalle, 65 Texas, 359.

The city of Sherman, a municipal corporation, is not subject to a writ of execution, and said writ can not be issued against it for debts due by it nor can its funds be subjected to the writ of garnishment. City of McGregor v. Cook, 16 S. W. Rep., 936; City of Sherman v. Langham, 42 S. W. Rep., 961; City of Chicago v. Hasley, 25 Ill., 595; Freem. on Ex., 2 ed., 22.

The trial court erred in its third conclusion of law wherein it concluded it was immaterial whether at the date of the issuance of the garnishment or whether at the date of the trial of this suit there was any money on hand in the city of Sherman, and that the condition of the general fund of the city of Sherman is of no importance, and for that reason did not consider the evidence admitted on the trial with reference to the state of said funds, because the same was material and should have been considered in this, if the general fund at the time of the issuance of the garnishment and at the time of the trial of this cause had no money on hand and was in debt, the money garnished was necessary to help defray the current running expenses and it could not under the law have been diverted from that use by being seized by this said writ. City of Sherman v. Smith, 35 S. W. Rep., 294; East St. Louis v. United States, 110 U. S., 321.

*Judson H. Wood*, for appellee.—Anyone who is a debtor of a municipal corporation may be made a garnishee at the suit of a creditor of such corporation, except for an indebtedness arising in taxation.  City of Laredo v. Nalle, 65 Texas, 359; 2 Shinn on Attach. and Gar., sec. 5046; Insurance Co. v. Railway, 3 Metc. (Mass.), 420; Bray v. Wallingford, 20 Conn., 416.

The amount due the city by Grayson County was a debt, and was not public revenue.  Anderson's Law Dic., "Revenue;" United States v. Bromley, 12 How. (U. S.), 88.

Where the record is silent as to whether or not such claim was presented to the commissioners court before garnishment, and such presentation was a necessary prerequisite to the suing out of the garnishment, it will be presumed that it was so presented, and that the garnishment was regular and legal.  It is a question of jurisdiction, and the want of jurisdiction must be affirmatively shown, or jurisdiction will be presumed.  2 Beach on Pub. Corp., sec. 861; Board of Com. v. Osborn, 31 N. E. Rep., 541; Bass Foundry v. Board, etc., 17 N. E. Rep., 593; Board v. Leggett, 18 N. E. Rep., 53.

A county can waive the statutory requirement that claims against it must be presented to the commissioners court before suit can be brought against such county.  2 Beach on Pub. Corp., sec. 86; Board of Com. v. Osborn, 31 N. E. Rep., 541; Bass Foundry v. Board, etc., 17 N. E. Rep., 593; Board v. Leggett, 18 N. E. Rep., 53.

A garnishment is not a suit such as is contemplated in article 790. Revised Statutes, but is only an ancillary proceeding to the main suit. Kelly v. Gibbs, 84 Texas, 144; Kreisle v. Campbell, 33 S. W. Rep., 852; Insurance Co. v. Willis, 70 Texas, 12; Farrar v. Bates, 55 Texas, 193.

A county is not exempt from the process of garnishment by reason of public policy.  City of Laredo v. Nalle, 65 Texas, 359; Herring-Hall-Marvin Co. v. Bexar County, 40 S. W. Rep., 145; Gas Co. v. Sanford, 45 Law. Rep. Ann., 246; Watterbury v. Deer Lodge County, 26 Pac. Rep., 1002; Whalen v. Harrison, 27 Pac. Rep., 384; Adams v. Tyler, 121 Mass., 380.

If counties are exempt from garnishment, it is solely for the benefit of said counties and may be waived.  Drake on Att., 5 ed., 658c, 576c; Shinn on Att. and Gar., sec. 502, and note; Rood on Gar., sec. 23, and note 35; 2 Beach on Pub. Corp., 1655; Baird v. Rogers, 32 S. W. Rep., 630; Briscoe v. Bank, 11 Peters (U. S.), 257; Los Animos Co. v. Bond, 3 Cal., 411; Clapp v. Walker & Davis, 25 Iowa, 315; Burton v. District Township of Warren, 11 Iowa, 166; Dollman v. Moore, 12 So. Rep., 23; Stermer v. Comrs. of La Plata Co., 38 Pac. Rep., 839; Gas Co. v. Sanford, 45 Law. Rep. Ann., 246.

Cities are subject to both the writs of garnishment and execution. City of Laredo v. Nalle, 65 Texas, 359; City of Sherman v. Williams, 19 S. W. Rep., 606; City of Sherman v. Langham, 42 S. W. Rep., 961; City of Laredo v. Benavides, 25 S. W. Rep., 482; Gordon v. Thorp, 53 S. W. Rep., 357; Gas. Co. v. Sanford, 33 S. E. Rep., 516.

If the "general fund" at the end of the fiscal year of said city of Sherman would have a balance, it was immaterial whether or not at the date of the garnishment and judgment there was a deficit. City of Sherman v. Langham, 42 S. W. Rep., 961; City of Corpus Christi v. Woessner, 58 Texas, 462.

GAINES, CHIEF JUSTICE.—The defendant in error, having a judgment in the District Court of Grayson County against the city of Sherman, the plaintiff in error, caused a writ of garnishment to issue against the county for the purpose of subjecting an indebtedness claimed to be due from it to the city to the payment of her judgment. Briefly stated, the answer filed by the county judge on behalf of the county disclosed the following facts: An epidemic of smallpox having broken out in the city, a verbal agreement was entered into between the city authorities and those of the county to the effect that the city should take charge of all the cases in the city and should adopt all proper quarantine measures necessary to prevent the spread of the disease, and that the county should reimburse it for one-half of the expense to be incurred. The city carried out the agreement on its part and the Commissioners Court passed an order authorizing the county judge to determine the amount justly due the city, not exceeding one-half of its expenditures in the matter, and to draw a warrant in favor of the city for the amount. The amount of the expense was ascertained and the county judge determined that one-half thereof, namely $1113.99, was due under the contract. The city was made a party to the suit. The trial court having heard the case, gave judgment for the plaintiff in the writ and the city appealed. The judgment was affirmed by the Court of Civil Appeals.

We are of opinion that this was error.

Upon the question whether or not a county, in the absence of express mention in the statute authorizing the writ of garnishment, is subject to be garnished, there is a conflict of authority. The weight of authority, however, holds that it is not. Boone County v. Keck, 31 Ark., 387; Mayor, etc., of Mobile v. Rowland, 26 Ala., 498; Merrell v. Campbell, 49 Wis., 535; Dotterer v. Bowe, 84 Ga., 769; State v. Eberly, 12 Neb., 616. In the Georgia case above cited, the court say: "So we think that, as no express authority is granted by statute to authorize this process against counties, public policy forbids us to hold that such a grant exists by implication." The cases cited proceed mainly upon the same ground, namely, that it is contrary to public policy to subject a county to the writ. Counties are commonly designated quasi corporations for the reason that, being but political subdivisions of the State and organized purely for the purposes of government, they differ essentially not only from private corporations but also from such public corporations as towns and cities, which are voluntary and are established largely for the private interests of their inhabitants. Galveston v. Posnainsky, 62 Texas, 118. Our statutes, it is true, expressly declare that "each county * * * shall be a body corporate and politic." This merely confers

upon the counties corporate powers for the more effectual performance of the functions for which· they were created, and clearly was not intended to place them upon the footing of·private corporations or of other municipalities. A county may be sued for a money demand, but the claim must first be presented to the commissioners court for allowance and its allowance must be refused. Rev. Stats., art. 790. Judgment may be rendered against it, but no execution can issue upon that judgment. Rev. Stats., art. 792. If a garnishment be considered a suit, then the application of the statutory regulations with reference to such writs to a county is inconsistent with the requirement that the claim must first be presented for allowance before suit, for the reason that no provision is made in those regulations for such presentation before suing out the writ. If the writ be treated as ancillary to another suit and as executive of a judgment obtained or to be obtained in such other suit (and such it has been considered by this court), then the application of the writ to the county would be not in accord with the spirit of that provision which prohibits the issue of executions against the counties.

Besides, our statutes require the garnishee should answer not only as to his indebtedness to the defendant in the original suit or judgment, but also whether he has any of the effects of such defendant in his possession, or what other persons, if any, are so indebted or have such effects. Rev. Stats., art. 233. If he fail to make full answer, it is also provided that judgment may be rendered against him. Now, supposing a writ of garnishment to issue against a county; presumably the county judge is the proper officer upon whom to serve the writ, and it seems to us absurd to require him to swear that the county knows of no other person who is indebted to or has effects of the defendant in its possession, and more unreasonable to render a judgment against the county upon his failure to make such oath. The writ of garnishment is but· the creature of the statute, and it does seem to us that if the Legislature had contemplated that the writ in any case should go against the county, they would have made some special provision with reference to the answer more appropriate to the particular proceeding.

It is held in Herring-Hall-Marvin Company v. Bexar County, 40 Southwestern Reporter, 145, by the Court of Civil Appeals for the Fourth District, upon sound reasoning, as we think, that a county is not subject to be garnished. That decision was approved by this court and a writ of error was refused. In the case of the City of Laredo v. Nalle, 65 Texas, 361, it was held that a city was subject to the writ. While the correctness of that ruling may be doubted, it is not necessary for us in this case to disturb it. The difference in their relation to the State government is pointed out in Posnainsky v. Galveston, above cited, and has been held sufficient to justify the holding that a city is liable for damages for the negligence of its officers and agents in a case where a county would not be. Heigel v. Wichita County, 84 Texas, 392.

Our conclusion is that the county was not subject to be garnished in this case.

But it is urged that the county, if not subject to the writ, has expressly waived its exemption. But it occurs to us that where one owes a debt and is ready to pay it, he has no legal interest in the question whether it shall be paid his creditor or to a plaintiff in a garnishment proceeding. It is the defendant whose interest and right is involved, and if any irregularity is to be waived, the waiver must come from him. The claim that a county could waive the want of a law to subject it to the process of garnishment, when brought to its last analysis, amounts to the assertion that a debtor may elect to pay his debt to the creditor of his creditor, rather than to the creditor himself. On the contrary, the rule is that the garnishee can not, as against the defendant in the judgment or in the original proceeding, even accept or waive service of the writ. Freeman v. Miller, 51 Texas, 443; Harrell v. Cattle Co., 73 Texas, 612.

But we think the judgment in this case ought to be reversed for still another reason. The money paid by the city in maintaining the quarantine made necessary by the epidemic of smallpox was presumably money raised by taxation for the payment of the current expenses of the city government. The debt of the county to the city is clearly a debt of that fund, and, in our opinion, is subject to the same exemption as that fund. It is a clearer case than that of the City of Sherman v. Williams, 84 Texas, 421, where the same principle was applied. It is only upon the surplus of the general revenues of a county that remain after the current expenses have been paid that a general creditor has a claim, and to subject that surplus to the payment of his debt, the writ of garnishment is not the remedy. And we apprehend the same reason exists for refusing to subject this fund now in the hands of the county of Grayson as would exist against impounding the tax money in the hands of the city's treasurer.

The judgment of the District Court and that of the Court of Civil Appeals are reversed, and judgment is here rendered dismissing the writ of garnishment.

*Reversed and dismissed.*