MORGAN v. CITY OF BEAUMONT et al.

(Court of Civil Appeals of Texas. Galveston. May 8, 1913. Rehearing Denied May 22, 1913.)

GARNISHMENT (§ 17*)—PERSONS SUBJECT—MUNICIPAL CORPORATIONS.

The provisions in the charter of a city that it and its officers, or agents, shall not be "required to answer any writ of garnishment against the city" exempts absolutely the city from garnishment and does not merely leave it optional with the officers or agents of the city whether or not to answer a garnishment writ.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 32–34, 44; Dec. Dig. § 17.*]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action by Robert Morgan against F. C. Starr, defendant, and the City of Beaumont, garnishee. From a judgment in favor of the garnishee and defendant that plaintiff

take nothing against the garnishee nor the defendant or his sureties on his replevin bond, plaintiff appeals. Affirmed.

Geo. C. Greer and Minor & Minor, all of Beaumont, for appellant. Blain & Howth, of Beaumont, for appellee Starr. A. L. Calhoun, of Beaumont, for appellee City of Beaumont.

PLEASANTS, C. J. In a suit brought by appellant against F. C. Starr, plaintiff sued out a writ of garnishment against appellee, the city of Beaumont. The answer of the garnishee to said writ, which was properly verified, was as follows: "Now comes the city of Beaumont, garnishee, in the above-entitled and numbered cause, and for answer herein to the writ of garnishment served on it says: That, at the time the said writ of garnishment was served upon it, it was indebted in the sum of $1,082.70 to the said F. C. Starr; that it is not now nor was it at the time the said writ of garnishment was served upon it in possession of any effect belonging to the said F. C. Starr; that it does not know of any person or persons who are indebted to the said F. C. Starr, or have effects belonging to him in their possession. Garnishee would further show to the court that after said writ of garnishment was served upon it, and before the garnishee became indebted to the said F. C. Starr for any other sum of money than the sum of $1,082.70 above mentioned, the said F. C. Starr replevied, according to law, the said sum of $1,082.70, which this garnishee held, at the time the writ of garnishment was served upon it, and therefore this garnishee has paid over to the said F. C. Starr the said sum of $1,082.70. Garnishee would further show unto the court that under the charter of the city of Beaumont, granted to it by the Legislature of the state of Texas, the following provision is therein contained, found in section 35 thereof: 'The property, real and personal belonging to the city, shall not be liable to be sold or appropriated under any writ of execution, nor shall the funds belonging to the city in the hands of any person be liable to garnishment. Nor shall the city or any of its officers or agents be required to answer any writ of garnishment against the city of Beaumont.' In accordance with the above provision the garnishee says that it cannot be liable in any amount and should therefore be discharged from this suit. Garnishee would further show unto the court that it had to have an attorney to write this answer for it and that the reasonable cost of same is $25. Wherefore, garnishee prays that it be discharged from any liability under said writ of garnishment, with its costs, attorneys' fees, and such other and further relief and decrees that it may be justly entitled to."

The defendant Starr filed a pleading in the garnishment proceeding setting up the provision of the city charter referred to in the answer of the city, and alleging that by reason of said charter provision the city was exempt from garnishment, and prayed that the garnishment be dismissed and that he recover his costs.

The cause was tried in the court below without a jury, and judgment was rendered in favor of the garnishee and defendant that the plaintiff take nothing against the garnishee nor the defendant or his sureties on his replevy bond. Under appropriate assignments of error, the appellant assails this judgment on the ground that the charter of the city of Beaumont does not exempt said city from garnishment, but only gives it the privilege of declining to answer such writ and that by answering the writ the city waived its privilege, and the funds in its hands belonging to the defendant became subject to the writ.

It was held by our Supreme Court in the case of City of Laredo v. Nalle, 65 Tex. 359, that, in the absence of a statute exempting municipal corporations from garnishment, they are subject to such writs. The soundness of this decision was questioned by Judge Gaines in the subsequent case of City of Sherman v. Shobe, 94 Tex. 126, 58 S. W. 949, 86 Am. St. Rep. 825, but it has never been overruled and must be regarded as the law in this state on that subject. It is probably not supported by the weight of authority, but we think on principle the decision is sound.

The argument in favor of such exemption is that the public interests will suffer if city governments are subjected to actions and possible judgments and costs in relation to matters in which the corporation or citizens as a body have no interest; and to turn such municipal corporation into instruments for the collection of private debts would detract from their dignity and be subversive of the best interest of the public. We think these objections are fully answered by Judge Willie in the Nalle Case, supra. He says: "The policy of keeping the operations of municipal government free from the interference of lawsuits must yield to the more important policy of securing to the creditors and injured parties payment of their debts and redress for their wrongs, to be enforced by the appropriate process of the law. It is not the policy of the law that the citizen should be wronged rather than that the city government should suffer inconvenience. Little difference, if any, exists between the inconvenience of answering to an ordinary suit and that of answering to a writ of garnishment. The latter is nothing more than a suit by the plaintiff in the writ against the city; the matter in dispute, if there be any dispute at all, being the alleged indebtedness of the city to the debtor of the

plaintiff. It is not required to take part in the controversy between the plaintiff and the party for whose debt it is garnished. It cannot therefore be said that, in requiring a city to answer to a writ of garnishment, it is necessarily drawn into a controversy, with which it has no concern."

In Dillon on Municipal Corporations (5th Ed.) vol. 1, § 249, it is said: "The author's views, where the question is left entirely open by statute, is that on principle a municipal corporation is exempt from liability of this character with respect to its revenues, the salaries of its officers, and perhaps, also, the wages of its employés, or payments to be made under pending contracts for public works and the like, but that, where it owes an ordinary debt to a third person not in its service, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and private corporations. The rule that a municipal corporation is subject to garnishment is supported by a respectable body of authority." We think the rule as limited by Judge Dillon in the above quotation is based upon sound reason and in no sense subversive of sound public policy.

The case of Herring-Hall-Marvin Safe Co. v. Bexar County, 16 Tex. Civ. App. 673, 40 S. W. 146, follows the rule stated in the Nalle Case.

This being the settled rule in this state at the time the Legislature enacted the bill granting a special charter to the city of Beaumont, was it the intention of the Legislature, in providing in said charter that neither the city nor any of its officers or agents should "be required to answer any writ of garnishment against the city of Beaumont," to absolutely exempt the city from garnishment or merely leave it optional with the officers or agents of the city whether or not to answer such writ, and let the question of the city's liability to judgment on a writ of garnishment depend upon whether or not the officer or agent authorized to act for the city chose to answer the writ? We cannot believe that the Legislature intended to leave the question of the city's liability in such matters to the option of its officers or agents. Under the construction of the statute contended for by appellant, the liability of the city and the right of the plaintiff and defendant might often depend upon the partiality, prejudice, whim, or caprice of the officers and agents of the city. This result is certainly subversive of sound principles of jurisprudence, and, unless compelled by the language of the statute to so construe it, no such interpretation should be given it. We think the trial court properly construed the statute as exempting the city from garnishment.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.