The State's motion is sustained and the appeal is dismissed.

C. H. Chernosky, of Houston, and Paul G. Greenwood, of Harlingen, for appellant.

Sawnie B. Smith, of Edinburg, and Strickland, Ewers & Wilkins, of Mission, for appellee.

## ABENDROTH v. WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I et al.

### No. 11320.

Court of Civil Appeals of Texas. San Antonio.

Oct. 6, 1943.

Rehearing Denied Nov. 3, 1943.

NORVELL, Justice.

W. F. Abendroth, a judgment creditor of W. A. Harding, applied for a writ of garnishment against Willacy County Water Control and Improvement District No. One. The writ issued and the Water District excepted thereto on the grounds that it "is a body corporate and politic, and a political subdivision of the State of Texas, and therefore not subject to garnishment." This exception was sustained by the court and the cause dismissed.

The transcript discloses that subject to the exception mentioned the district also answered. Further, the members of a copartnership known as Evergreen Farms Company intervened, and likewise contended inter alia that the district was not subject to the writ. Although the briefs of the parties deal with various issues raised by the answer, the intervention and the plaintiff's replies thereto, it appears from the wording of the judgment that the trial court considered only the application for garnishment, the writ itself, and the exceptions (of the district and the interveners) based upon the ground stated.

The asserted exemption of the district from the operation of the statutory writ raises a different question from one involving the proper kind of a judgment to be entered upon a garnishee's answer. Obviously, if the district be subject to the writ under any given fact circumstance, the trial court erred in sustaining the exception. Exemption from the writ of a particular fund held by the district, or fact circumstances which would prevent the entry of a judgment against the district as garnishee, must be taken by answer. The briefs contain anticipatory discussion of matters raised by pleadings filed subsequent to the exceptions sustained by the trial court. These matters were not considered

by the trial court and will consequently not be noticed here.

The particular district here involved is what is commonly known as a "water control and improvement district" organized under Article XVI, Section 59, of the Texas Constitution, Vernon's Ann.St., and Title 128, Chapter 3A, Articles 7880—1 to 7880—147z, inclusive, Vernon's Ann.Civ. St. Acts 1925, 39th Leg., Ch. 25, pp. 86, et seq.

The parties have not cited nor have we found a decision of the Supreme Court or a Court of Civil Appeals which is exactly in point upon the question of whether or not a "water control and improvement district" is subject to garnishment.

It is stated in American Jurisprudence that, "Upon the question of the liability of municipal corporations, and public corporations generally, to garnishment, a conflict of authority must be admitted. According to the weight of authority, however, such corporations are exempt from being held as garnishees, * * *.

"In some jurisdictions the garnishment of municipal corporations is sanctioned. The policy of keeping the operations of municipal government free from the interference of lawsuits must yield, it is urged, to the more important policy of securing to the creditors and injured parties payment of their debts and redress for their wrongs, to be enforced by the appropriate process of the law, and that it is not the policy of the law that the citizen should be wronged rather than that the city government should suffer inconvenience." 4 Am.Jur. 643, § 144.

In City of Laredo v. Nalle, 65 Tex. 359, the Texas Supreme Court seemingly rejected the basis for the majority American rule and held that a city was subject to garnishment. Chief Justice Willie, writing for the Court, pointed out that, "We have no statute expressly providing that municipal corporations shall be exempt from garnishment, nor is there anything in those sections of our Revised Statutes which regulate the process inconsistent with its application to such corporations. Courts holding that cities are exempt from the writ, do so generally upon the ground of 'the inconvenience and impolicy of interfering with the operations of municipal bodies by drawing them into controversies with which they have no concern, and diverting the public moneys from the channel in which, by the acts and ordinances of the corporation, they are required to flow.' Drake on Attachment, sec. 516."

This is the ground usually assigned as the basis of the broad public policy doctrine. See 28 C.J. 57.

Chief Justice Willie further stated that: " * * * The policy of keeping the operations of municipal government free from the interference of law suits must yield to the more important policy of securing to the creditors and injured parties, payment of their debts and redress for their wrongs, to be enforced by the appropriate process of the law. It is not the policy of the law that the citizen should be wronged rather than that the city government should suffer inconvenience."

The holding of City of Laredo v. Nalle as applied to public corporations generally is that such organizations are not exempt from garnishment simply because of the fact that they are public corporations and may possess certain governmental powers or prerogatives. It is, however, fully recognized in the opinion that there may be, and often are, particular statutory provisions and particular circumstances which would operate to render the remedy of garnishment inappropriate or inapplicable in a particular given situation.

In Herring-Hall-Marvin Co. v. Bexar County, 16 Tex.Civ.App. 673, 40 S.W. 145, writ refused, this Court held that a county was not subject to garnishment. The reasoning of City of Laredo v. Nalle is followed, but, as pointed out in the opinion, the special statutory procedure applicable to counties relating to the allowance of claims makes the writ of garnishment inappropriate and hence inapplicable.

In City of Sherman v. Shobe, 94 Tex. 126, 58 S.W. 949, 86 Am.St.Rep. 825, the Supreme Court likewise held that a county was not subject to garnishment. Herring-Hall-Marvin Co. v. Bexar County was cited with approval. There are certain expressions in the opinion which seemingly agree with the proposition that public corporations should be entirely exempt from garnishment as a matter of public policy. The correctness of the holding of City of Laredo v. Nalle was questioned, but expressly left undisturbed, as the statutory and constitutional provisions applicable to counties and to cities differed and a review of City of Laredo v. Nalle was unnecessary.

The water district places some emphasis upon the fact that the 41st Legislature, 1929, c. 280, p. 609 (see Article 7880—147c, Vernon's Ann.Civ.St.), in a validating act declared water control and improvement districts "to be valid and existing governmental agencies and bodies politic * * *." Cities, however, are also governmental agencies and bodies politic, and we are of the opinion that no valid distinction between a water control and improvement district on one hand and a city upon the other can be predicated upon the legislative language above set out. The similarity between the functional objectives and purposes of a "water improvement district" (in many ways similar to a "water control and improvement district") and a city acting in its proprietary capacity, was pointed out by this Court in Holderbaum v. Hidalgo County Water Improvement District No. 2, Tex.Civ.App., 297 S.W. 865, loc. cit. 867, affirmed, Tex.Com.App., 11 S.W.2d 506.

It seems therefore that if cities are subject to garnishment (in the absence of charter provision to the contrary), then "water control and improvement districts" are likewise subject to the writ; that while a valid distinction may be drawn between a city and a county, by reason of constitutional and statutory provisions involved, none can be so drawn between a city and a "water control and improvement district." There may, of course, be variances between the operation of the writ as against particular funds of the two types of municipalities, but we are here concerned with the general question of the liability of the municipality to answer the writ. The question presented is whether or not City of Laredo v. Nalle should be followed.

The Galveston Court in Morgan v. City of Beaumont, Tex.Civ.App., 157 S.W. 207, 208, said: "It was held by our Supreme Court in the case of City of Laredo v. Nalle, 65 Tex. 359, that, in the absence of a statute exempting municipal corporations from garnishment, they are subject to such writs. The soundness of this decision was questioned by Judge Gaines in the subsequent case of City of Sherman v. Shobe, 94 Tex. 126, 58 S.W. 949, 86 Am. St.Rep. 825, *but it has never been overruled and must be regarded as the law in this state on that subject.*" (Italics ours.)

The point involved "is purely a matter of statutory construction." 28 C.J. 55. A certain construction was placed upon the garnishment statute by the Supreme Court in Laredo v. Nalle. Since that decision has not been overruled by the Supreme Court, we are bound thereby. The garnishment statute as construed in Laredo v. Nalle is applicable to the class of municipalities to which appellee belongs. While it lies within the power of the Legislature to exempt "water control and improvement districts" from the writ, we have been cited to no statutory provision which in our opinion accomplishes this purpose.

The trial court erred in sustaining the exceptions and holding that the district was exempt from garnishment. The judgment is accordingly reversed and the cause remanded.