**David Gene MORRIS, Appellant,**

v.

**TEXAS DEPARTMENT OF CORRECTIONS, Appellee.**

No. 12–88–00131–CV.

Court of Appeals of Texas, Tyler.

Nov. 18, 1988.

David Gene Morris, Tennessee Colony, pro se.

James L. Hall, Texas Dept. of Corrections, Huntsville, for appellee.

COLLEY, Justice.

This is an appeal by David Gene Morris, plaintiff/appellant, from an order of the trial court dismissing his application for writ of garnishment against the State Department of Corrections (TDC). We conclude that this proceeding is a suit against the State which is barred by the doctrine of sovereign immunity. Therefore, we will affirm the judgment of dismissal.

Morris, an inmate of TDC, in a single point of error contends that the trial court erred in granting TDC's motion to dismiss his application for writ of garnishment directed against TDC. Morris argues that the doctrine of sovereign immunity does not apply to this action because the garnishment proceeding was filed in order to enforce a judgment which was recovered by him against another inmate for the sole purpose of requiring TDC to pay over funds held by TDC in an inmate trust fund account belonging to the judgment debtor inmate.

TDC claims that it is exempt from garnishment proceedings, that plaintiff's attempt to execute a continuing writ of garnishment on an inmate account is not within the bounds of proper garnishment, and that it has waived neither its exemption from garnishment nor its sovereign immunity.

The record in this case is comprised solely of a transcript detailing the proceedings at trial. From that record, it appears that Morris recovered judgment against another inmate of TDC. Thereafter, Morris filed his application for writ of garnishment. Morris sought to encumber funds held by TDC in the inmate trust fund account for the judgment debtor, and to recover a judgment awarding all such funds necessary to satisfy his judgment.

Morris neither pleaded nor proved that the Texas Legislature has consented to the institution of this action, and in this court he does not so contend. He argues only that the instant action is not one to which the doctrine of sovereign immunity applies. We cannot agree with that contention.

■ It is clear that TDC is an agency [1] of the State. Hence, this action is a suit against the State. *Herring v. Houston National Exchange Bank,* 113 Tex. 264, 253 S.W. 813 (1923). The threshold question presented here is: Does the ancient and fundamental doctrine of sovereign immunity apply? We conclude that the doctrine does apply because, as we will later explain, this postjudgment garnishment action subjects TDC to liability and impairs its lawful exercise of a governmental function which is committed to it.

■ Tex.Rev.Civ.Stat.Ann. art. 6166y (Vernon 1970) reads:

Prisoners, when received into the penitentiary, shall be carefully searched. If money be found on the person of the prisoner, or received by him at any time, it shall be taken in charge by the manager, and placed to the prisoner's credit, and expended for the prisoner's benefit on his written order, and under such restrictions as may be prescribed by law or the rules. If a prisoner with money charged to his credit should die from any cause while in the penitentiary, escape from the penitentiary, or be discharged without claiming such money, the manager shall make effort to give notice of such fact to the discharged prisoner or to the beneficiary or nearest known relative, if any, of the deceased, escaped, or discharged prisoner, and upon a valid claim presented, pay out such money to such discharged prisoner, beneficiary or nearest relative. After two years from the date of giving such notice, or a valid attempt to give such notice, or two years after the death of such prisoner, if the beneficiary or nearest relative is unknown, if such money has not been validly claimed the manager shall make an affidavit of such fact, and forward the sums of such money, together with the affidavit, to the State Treasurer, which sums shall escheat to the state. Any officer or employee having charge of the prisoner's money who misappropriates the same, or any part thereof, shall be deemed guilty of a felony, and upon con-

viction thereof shall be confined in the penitentiary for a term of not more than five years.

Under the foregoing statute, it cannot be denied that the director of corrections and his subordinates act as custodians of inmate money. Such funds are to be utilized solely for the benefit of those inmates who own the funds, except when the funds are properly seized under Tex.Rev.Civ.Stat. Ann. art. 6184p (Vernon Supp.1988) for the purpose of reimbursing TDC for damage intentionally inflicted upon State property. Morris asserts that the seizure of all or any portion of an inmate trust fund account by writ of garnishment does not subject TDC to monetary liability. That may be true, but a postjudgment garnishment proceeding is clearly a suit—a case which is to be tried and in which a judgment will be entered by the trial court.

■ When a garnishee's uncontroverted answer to the application for the writ reveals that, at the time the writ was served, the garnishee was neither indebted to the judgment debtor nor in possession of "any effects" belonging to him, a judgment discharging the garnishee shall be entered. Tex.R.Civ.P. 666. Conversely, when the garnishee's answer reveals, or the court so determines, that a garnishee was in fact indebted to the judgment debtor at the time the writ of garnishment was served, a judgment shall be entered against the garnishee. Tex.R.Civ.P. 668. Under Texas Rules of Civil Procedure 674 and 675, if a garnishee's answer be controverted and the garnishee is a resident of the county in which the proceeding is pending, "an issue shall be formed under the direction of the court and *tried as in other cases.*" (Emphasis added). If, however, the garnishee is not a resident of the county in which the proceeding was instituted, then, upon transfer of the proceeding to the county wherein the garnishee resides, the clerk of a court having competent jurisdiction or a justice of the peace shall "docket the case ...," give notice to the garnishee that his answer has been so controverted and that the contested issue *"will stand for trial,"*

---

1. *See* Tex.Rev.Civ.Stat.Ann. art. 6166a–6166y (Vernon Supp.1988).

and issue and cause a citation to be served by delivery of a copy thereof to the garnishee. Tex.R.Civ.P. 675. (Emphasis added).

We conclude that the procedures prescribed by the Texas Rules of Civil Procedure for a postjudgment garnishment proceeding, as applied to the case before us, manifestly demonstrate this case to be a suit against the State. Thus, TDC became subject to potential liability. Further, TDC's control of inmate trust fund accounts—accounts which have been committed to its care and management by the Texas Legislature—is hindered by the suit. We conclude that, in the absence of the State's consent, legislatively granted, this suit cannot be maintained.

Moreover, for the public policy reasons served herein, TDC is exempt from garnishment, even though it is not the judgment debtor, under the rule of *City of Sherman v. Shobe,* 94 Tex. 126, 58 S.W. 949 (1900), and *Willacy County Water Control And Improvement District Number One v. Abendroth,* 142 Tex. 320, 177 S.W.2d 936 (1944).

Morris's point of error is overruled. Since other questions [2] raised by TDC in its brief are not properly at issue in this court, we decline to address them. We hereby affirm the judgment of dismissal.

**2.** TDC argues in its brief that successive writs of garnishment running against the same garnishee are not within "the bounds of proper garnishment," and that it has not waived its exemption from garnishment.