## BOARD OF PRISON COM'RS v. BINFORD et al.   (No. 8597.)

(Court of Civil Appeals of Texas. Galveston. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

1. Courts ⚷475(1)—Another district court of same county has jurisdiction over proceeding to maintain status quo in pending suit.

Where cotton was sequestered in a suit in district court of Harris county, Sixty-First judicial district, and the sheriff refused to deliver the cotton to the board of prison commissioners on its claimant's affidavit, *held* that, irrespective of the applicability of Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, to the district court of Harris county, the district court of another district of Harris county had jurisdiction to hear and determine the suit of the board for mandamus to compel the sheriff to deliver the cotton upon the presentation of

claimant's oath as provided by statute, and, pending such hearing, had authority to issue a temporary injunction to preserve the status quo of the property, although the mandamus petition did not aver that prior application had been made to the judge of the Sixty-First judicial district, or that such judge was absent, sick, or unable to hear the petition.

**2. States ⊕═192—Availability of remedy to state not affected by failure to name state in statute conferring the remedy.**

That the state is not named in the statute providing for the remedy of trial of the right of property does not affect the availability of such remedy to either the state or its representatives who sue on its behalf; a state being entitled to use all the procedural remedies provided by the statutes although such a right is not expressly conferred upon the state.

**3. States ⊕═190 — State representatives become litigants when availing themselves of statutory remedies..**

Where the representatives of the state suing on its behalf avail themselves of the remedy of trial of the right of property provided by statute, they become litigants and submit themselves to the jurisdiction of the court and must have their rights determined by the same principles and rules of law applicable to other litigants, except in so far as such rules may be modified by statute in favor of the state or are inapplicable or unenforceable against the state.

**4. States ⊕═192—Board of prison commissioners held authorized to pursue statutory remedy without giving bond; "other bond or security."**

The state board of prison commissioners, in availing themselves of the remedy of trial of the right of property, may pursue the remedy without giving the bond required by statute of other litigants, for Acts 38th Leg. (1923) c. 78, the prison commission statute, exempting the state board of prison commissioners from giving "bond for costs, appeal bond, supersedeas bond, writ of error bond, or other bond or security," includes, by the words "other bond or security," any bond required in any suit or action of any kind.

**5. Statutes ⊕═194—Rule of ejusdem generis not applicable where class exhausted by enumeration.**

The rule of ejusdem generis will not be applied when the enumeration of particular things in a statute exhausts the entire genus.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit for mandamus or injunction by the Board of Prison Commissioners against T. A. Binford and others. From an interlocutory order refusing a temporary injunction, plaintiff appeals. Reversed and rendered.

W. A. Keeling, Atty. Gen., and John W. Goodwin, Frank M. Kemp, and John C. Wall, Asst. Attys. Gen., for appellant.

W. L. Hill, of Houston, for appellees.

PLEASANTS, C. J. This appeal is from an interlocutory order of the court below refusing appellants a temporary injunction in a suit for mandamus or for a final mandatory injunction brought by them against the appellees.

Plaintiffs' petition, after alleging their appointment and qualification as members of the board of prison commissioners, and that they now constitute said board and bring this suit in their official capacity, complains of T. A. Binford, sheriff of Harris county, and of the Houston National Bank, a banking corporation organized and chartered under the laws of the United States, and makes the following statement of their cause of action:

"That on, to wit, the 11th day of October, A. D. 1923, the defendant herein, the Houston National Bank, instituted suit in the district court of Harris county, Texas, Sixty-First judicial district, cause No. 107481, against the Merchants' Compress Company, a private corporation incorporated under the laws of the state of Texas, to recover 435 bales of cotton described in said petition as follows: [Here follows a detailed list and description of the cotton.]

"2. That on the 3d day of December, A. D. 1923, the Houston National Bank caused to be issued out of the district court of Harris county, Texas, Sixty-First judicial district, in the aforesaid cause No. 107481, Houston National Bank v. Merchants' Compress Company, a writ of sequestration, addressed to the sheriff or any constable of Harris county, Texas, commanding said officers to seize and take possession of the 435 bales of cotton in said writ described, being the same cotton the Houston National Bank sued the Merchants' Compress Company for as aforesaid, and which property so directed by said writ to be seized and sequestered is fully described in a certified copy of said writ, which is hereto attached and marked Exhibit A and made a part hereof.

"3. That on the 3d day of December, A. D. 1923, at 20 minutes past 5 o'clock p. m., T. A. Binford, sheriff of Harris county, Texas, acting under and by virtue of the aforesaid writ of sequestration, levied upon and seized the 435 bales of cotton therein described, being the same cotton described in the petition of plaintiff, the Houston National Bank, in a suit by it against the Merchants' Compress Company as aforesaid, and now has said cotton in his possession, holding the same under and by virtue of the levy made by the said writ of sequestration.

"4. Plaintiff alleges that it is the owner of the 435 bales of cotton so levied upon by T. A. Binford by virtue of the aforesaid writ of sequestration, and that it was such owner at the time of the levy of said writ; that on the 13th day of December, A. D. 1923, plaintiff herein, the board of prison commissioners, presented to T. A. Binford, sheriff of Harris county, Texas, its claimant's affidavit for the cotton so levied upon and seized under and by virtue of the aforesaid writ of sequestration, issued in said cause No. 107481, Houston National Bank v. Merchants' Compress Company, which claimant's affidavit

is in words and figures as follows, to wit: 'State of Texas, County of Harris. Before me, the undersigned authority, on this day personally appeared J. A. Herring, Sanford J. Dean, and Walker Sayle, each of whom being by me duly sworn each for himself, deposes and says: That he is a member of the board of prison commissioners of the state of Texas, and as such agent for said board, that the board of prison commissioners in its official capacity as such board claims the following described personal property, to wit: [Here follows a list and description of the property.] Being the same cotton described in the return made by the sheriff of Harris county, Texas, in his return on the writ of sequestration issued out of the district court of Harris county, Texas, Sixty-First judicial district, in the case of Houston National Bank v. Merchants' Compress Company and which said property was levied upon by T. A. Binford, sheriff of Harris county, Texas, under and by virtue of a writ of sequestration issued out of the district court of Harris county for the Sixty-First judicial district of Texas, in the case of Houston National Bank v. Merchants' Compress Company, No. 107481, and dated the 3d day of December, A. D. 1923, and that such claim is made in good faith. [Signed] J. A. Herring. Sanford J. Dean, Walker Sayle. Sworn to and subscribed before me this the 12th day of December, A. D. 1923. [Signed] Kathleen Dent, Notary Public in and for Harris County, Texas.' That on presentation of said claimant's affidavit for said cotton to said Binford, plaintiff demanded that he deliver said cotton to it, and that the same be delivered to it as claimant under and by virtue of said claimant's affidavit, and that he indorse on said claimant's affidavit the value of said cotton so sequestered by him, as fixed by him, and that he make his return on the writ of sequestration, showing that plaintiff had made and filed with him its claimant's affidavit, and that he. as prescribed by law, file said claimant's affidavit with the court having jurisdiction to try the right of property under said claimant's affidavit. Plaintiff alleges that said T. A. Binford refused and denied each of said demands so made by plaintiff and refused to accept and to act upon said claimant's affidavit and refused to deliver to plaintiff said cotton upon its claimant's affidavit, assigning as a reason for refusal to comply with the demands of plaintiff, that plaintiff had not tendered to him or filed any bond as required by law, any character or kind of bond.

"5. Plaintiff alleges that at the time it presented to said T. A. Binford, sheriff of Harris county, Texas, its aforesaid claimant's affidavit and demanded the cotton as claimant thereof, as aforesaid, said cotton was in the possession of said T. A. Binford as sheriff of Harris county, Texas, under and by virtue of said writ of sequestration" aforesaid, and the levy of the same upon said cotton, and that at the time of said demand the Merchants' Compress Company had not replevied the same and the same had not been replevied by the Houston National Bank, the time for it to replevy the same not having arrived.

"6. Plaintiff alleges that the aforesaid writ of sequestration was executed by T. A. Binford, sheriff of Harris county, Texas, at 20 minutes past 5 o'clock p. m., on December 3, A. D.

1923, and that it fears that the Houston National Bank will after 20 minutes past 5 o'clock p. m., December 13, A. D. 1923, claim the right to replevy the said cotton, and that the defendant, T. A. Binford, will permit it to replevy the same, regardless of the fact that plaintiff has presented to said Binford its claimant's affidavit, demanding said cotton as aforesaid.

"7. Premises considered, plaintiff prays for process and service on the defendants and that a temporary writ of injunction be granted it, enjoining and restraining the Houston National Bank from replevying the aforesaid cotton, and enjoining and restraining T. A. Binford, sheriff of Harris county, as aforesaid, and his deputies, from accepting a replevy bond for said cotton from the Houston National Bank, and from permitting said last-named bank to replevy the same, and for a writ of mandamus commanding and requiring said T. A. Binford, sheriff aforesaid, to accept the claimant's affidavit tendered him by plaintiff, as aforesaid, and to deliver said cotton to plaintiff on its said claimant's affidavit, and commanding and requiring said Binford to indorse on said claimant's affidavit the value of said cotton, as fixed by him, and commanding and requiring that the said Binford complete his return on the writ of sequestration so as to make said return show that plaintiff filed with him its said claimant's affidavit for said cotton, and that he delivered the same to plaintiff on said claimant's affidavit, and that the said Binford be further commanded and required to file said claimant's affidavit with the court having jurisdiction under the law to try the rights of property to said cotton under said claimant's affidavit, and that on final hearing hereof said temporary injunction herein prayed for be made perpetual, and for all such other and further relief that it may be entitled to either at law or in equity, under the facts as they may appear.

"If for any cause the court should hold that a mandamus will not lie to compel said Binford to accept said claimant's affidavit and deliver to it said cotton and to perform the other acts which the court is herein requested to compel him to perform, then and in such event plaintiff. as an alternative relief, prays that this honorable court grant it a mandatory injunction, commanding said Binford to accept plaintiff claimant's affidavit and to deliver to it said cotton and to perform the other acts which plaintiff has asked that he be compelled to perform by mandamus, and for general relief."

The petition as a whole was verified by the affidavit of each of the prison commissioners.

Each of the defendants answered by a plea in abatement which contains the following allegations, in substance:

"That as shown by the petition of relators in this case, the cotton described in said petition was seized by the said defendant, T. A. Binford, as sheriff of Harris county, Texas, under and by virtue of a writ of sequestration issued out of the district court of Harris county in the Sixty-First judicial district, in the case of Houston National Bank v. Merchants' Compress Company, No. 107481 on the docket of the district court of said judicial district.

"That under the law it is the duty of the sheriff to make return of said writ to the dis-

trict court of the Sixty-First judicial district of Texas, and that said suit and all matters incident to or pertaining to the levy of said writ, to the right of any party claiming title to said cotton shall be referred to the district court of the Sixty-First judicial district of Texas, and that said court has jurisdiction of the subject-matter of the litigation in said cause and of all properties seized under and by virtue of the writ of sequestration issued out of said court in said cause, and of all claims set up to said cotton by virtue of any claimant's affidavit or bond that might be filed by any person claiming title to said cotton.

"That plaintiff's petition does not aver that application has been made to the judge of the Sixty-First judicial district, in which said case is pending, for the relief prayed for in the petition presented to your honor, and that the application filed with your honor does not show that your honor is the judge in whose district the suit is pending or is to be brought, and there is no allegation in said petition that the judge of the Sixty-First judicial district is absent from his district or is sick and unable to hear or act upon said application, or is inaccessible, or that said judge has refused to hear or act upon said application, or that said judge is disqualified to hear or act upon said application, and that in the absence of said allegations your honor and this court have no jurisdiction to hear and determine the issues raised by the said application."

The defendant bank further answered as follows:

"Now comes the Houston National Bank, one of the respondents named in the petition filed by the relators in this cause, and excepts to said petition and says that the same is insufficient in law and shows no cause why relief therein prayed for should be granted, and of this it prays the judgment of the court.

"Specially excepting to said petition, respondent says that the same is insufficient in law because said petition fails to show that relators have presented to the sheriff a good and valid claimant's bond in double the value of the property seized by the sheriff under said writ of sequestration, to be approved by the sheriff, as required by law, and because said petition fails to show any reason why the relators therein are entitled to have said property delivered to them by the sheriff unless and until they have filed said bond as required by law, and of this it prays the judgment of the court.

"And for answer to said petition this respondent says that the cotton described in said petition was seized by T. A. Binford, sheriff of Harris county, under and by virtue of a writ of sequestration issued out of the district court of Harris county for the Sixty-First judicial district of Texas, and that said sheriff is now holding said cotton in obedience to the command in said writ, and that the relators are not entitled to the possession of said cotton until they file a good and valid bond in double the value of the property so held by said sheriff, conditioned as required by law, and until said sheriff has approved said bond.

"That said relators have not presented any such bond to said sheriff and are not entitled under the law to have possession of said cotton delivered to them, and that this court has no power or jurisdiction to compel the sheriff to deliver said cotton to said relators unless and until the said bond, so conditioned, shall have been presented to the said sheriff and approved by him."

The defendant Binford further answered by the same exceptions and averments contained in the answer of the bank, and further averred:

"That he is a bonded officer of Harris county, Texas, and charged by law with the duty of protecting, preserving and delivering, according to the orders of the court having jurisdiction of the subject-matter of said property, the cotton so seized by him under said writ, and that the said writ was issued out of the district court of the Sixty-First judicial district of Texas and that said court has jurisdiction of said property, and this respondent fears that if this court shall order him to release said property and deliver it to relators herein without relators having indemnified him against loss or damage by reason of such delivery to him, that he and his bondsmen might be held liable to the plaintiff in the suit in the case of the Houston National Bank v. Merchants' Compress Company, pending in the Sixty-First judicial district of Texas, and he prays the court not to make any order or enter any judgment or decree that might have the effect of involving this respondent and his bondsmen in loss or damage by reason thereof."

Upon the hearing of the application for temporary injunction the court made the following order:

"This petition was presented to me on the 13th day of December, 1923, and attorneys for the respondents were notified of its filing and appeared before me and by agreement of said attorneys the hearing of the petition was set for 9 o'clock a. m. on December 17th.

"And on this the 17th day of December, 1923, the matter coming on to be heard, upon the relator's petition for temporary injunction, the respondent Houston National Bank and respondent T. A. Binford each presented pleas in abatement to the jurisdiction of this court, and the court having considered the same and being of the opinion that the judge of the Fifty-Fifth district court had jurisdiction of the matters involved in the application and that said jurisdiction is not defeated by the pendency of the suit in the Sixty-First district court in which the writ of sequestration was issued, it is ordered by the court that this petition be filed in the cause of the Houston National Bank v. Merchants' Compress Company, No. 107481, pending on the docket of the district court of the Sixty-First judicial district, and be consolidated with that cause, and, having then considered said pleas in abatement, the same were by the court overruled.

"And thereupon the respondents presented their answers, and leave was given to file same, subject to the pleas in abatement, and the court, having considered the said answers and heard the argument of counsel for relator and respondent, is of the opinion that the temporary injunction prayed for in the petition should not be granted, but that same should be denied.

"It is therefore ordered, adjudged and de-

creed by the court that said temporary injunction be and the same is hereby denied."

In deciding the questions presented by this appeal we have had the benefit of able oral and written arguments by counsel for both parties.

As we view the case made by the record, the only questions presented for our decision are whether the prison commissioners, in their official capacity as representatives of the state, can invoke the statutory remedy of the trial of the right of property, and, if so. whether they are entitled to the remedy without executing a claimant's bond as prescribed by the statute.

If both of these questions are answered in the affirmative, it follows that appellants are entitled to a mandamus requiring the officer holding the property under the writ of sequestration to deliver it to them upon the presentation by them of the claimant's oath as provided by the statute, and pending a final hearing upon the petition for a mandamus appellants were entitled to a temporary injunction to preserve the status quo of the property.

No complaint is made in this court by the appellees of the ruling of the trial court upon the pleas in abatement.

[1] Without considering the question of whether the statute (article 4643, Vernon's Sayles' Civil Statutes) which prohibits the judge of one district from issuing an injunction in a suit of which the district court of another district had jurisdiction unless it is shown that the judge of the court having jurisdiction of the cause is absent from his district, or is sick or unable to hear and act upon the application, or is inaccessible, or that he has refused to hear or act upon the application, or is disqualified to hear and act thereon, is applicable to the district courts of Harris county, which were created by special acts of the Legislature, and the judges of which in the administration of the duties of their office are governed by special rules enacted by the Legislature, we are of opinion that the trial court had authority or jurisdiction to hear and determine the suit for mandamus, and, pending such hearing, had authority to issue a temporary injunction for the purpose before stated.

If the statute makes it the duty of the sheriff to deliver the property to the appellants upon their presentation of a claimant's oath, an order of the trial court requiring the officer to comply with the statute in no way interferes with the jurisdiction of the court in which the sequestration proceedings are pending to hear and determine the rights of the parties in the property, and no rule of comity of courts will be violated by such order.

[2] Counsel for appellees very earnestly insist that the remedy of trial of the right of property provided by our statute is not available to the state nor to the appellants, who sue as representatives of and in behalf of the state, because the state is not named in the statute.

In support of this contention the case of Stanley v. Schwalby, 85 Tex. 353, 19 S. W. 264, is cited. That case only applies the rule, established by the great weight of authority, that statutes of limitation do not apply to a state unless such statutes expressly include the state. Neither the holding in that case nor the reasoning of the court supports the proposition that when a state goes into its courts to enforce its rights it is not entitled to the use of all the procedural remedies provided by the statutes unless the statutes expressly confer such right upon the state, and we have found no authority which so holds. Wherever the rule invoked by appellees has been applied it has been to exempt the state from the operation of statutes which impaired or restricted the exercise of its sovereignty or impeded or embarrassed its officers in the performance of their governmental duties.

The origin, reason, and extent of the general rule invoked is thus stated by the Supreme Court of the United States in the case of Dollar Savings Bank v. United States, 86 U. S. (19 Wall.) 239, 22 L. Ed. 80:

"It is a familiar principle that the king is not bound by any act of Parliament unless he be named therein by special and particular words. The most general words that can be devised (for example, any person or persons, bodies politic or corporate) affect not him in the least, if they may tend to restrain or diminish any of his rights and interests. He may even take the benefit of any particular act, though not named. The rule thus settled respecting the British Crown is equally applicable to this government, and it has been applied frequently in the different states, and practically in the federal courts. It may be considered as settled that so much of the royal prerogatives as belonged to the king in his capacity of parens patriæ, or universal trustee, enters as much into our political state as it does into the principles of the British constitution."

The following cases also illustrate the application of the rule: Cole v. White County, 32 Ark. 45; Doe v. Deavors, 11 Ga. 79; Sherman v. Shobe, 94 Tex. 126, 58 S. W. 949, 86 Am. St. Rep. 825; Herring-Hall-Marvin Co. v. Bexar County, 16 Tex. Civ. App. 673, 40 S. W. 145.

We think the right of the state, when it becomes a litigant, to the use of any of the modes of procedure provided by our statutes cannot be doubted.

[3] In availing themselves of this remedy appellants become litigants and submit themselves to the jurisdiction of the court and must have their right and title to the property finally determined in accordance with the rules prescribed by the statute for a trial of the right of property. When they avail themselves of the remedy, they must

take it as a whole and have their rights determined by the same principles and rules of law applicable to other litigants, except in so far as such rules may be modified by statute in favor of the state, or are inapplicable or unenforceable against the state. State v. Kroner, 2 Tex. 492; State v. Snyder, 66 Tex. 700, 18 S. W. 106.

[4] This brings us to a consideration of the question of whether the statute providing the remedy of a trial of the right of property has been modified by the Legislature in favor of appellants so as to permit them to pursue such remedy without giving the bond required by the statute of other litigants.

At the regular session of the Thirty-Eighth Legislature an act (Acts 1923, c. 78) was passed amending the prison commission statute, which contains the following provisions:

"No bond for costs, appeal bond, supersedeas bond, writ of error bond, or other bond of security, shall, at any time, be required of the board of prison commissioners, nor of any member thereof in any civil suit or action of any kind whatsoever heretofore or hereafter filed or brought by or against it or them, or either of them, in its or their official capacity, as such, except such suit or suits as may be brought against it or them or either of them, by the state. Nothing in this article, nor in the preceding article, 6231a, is intended or shall be construed as authorizing any civil suit or action of any kind whatsoever to be brought or prosecuted against the board of prison commissioners, or any member of same, as such, except by way of offset or counterclaim as provided by said article 6231a."

We think this statute exempts appellants from giving bond in any suit or action brought by or against them in their official capacity, except a suit brought against them by the state. This is the plain import of the language, and we do not think that the rule ejusdem generis invoked by apellees is applicable.

[5] The rule mentioned, which is sometimes referred to as Lord Tenderden's rule, may be thus broadly stated: Where a statute or other document enumerates several classes or things immediately following, and classed with such enumerated things the clause embraces "other" persons or things, the words other persons or things will generally be read as "other such like" persons or things. 21 A. & E. Ency. 1012.

The rule is often of use in arriving at the meaning and intention of statutes, but it may not be given controlling effect over other rules of statutory construction, and must always yield to the rule that the language used must be given its plain meaning and every part of the statute given effect if possible. It seems to be well settled that the rule will not be applied when the enumeration of the particular things in the statute exhausts the entire genus.

In 2 Lewis' Sutherland on Statutory Construction, § 437, it is said:

"If the particular words exhaust the genus, there is nothing ejusdem generis left and in such case we must give the general words a meaning outside the class indicated by the particular words, or we must say they are meaningless, and thereby sacrifice the general to preserve the particular words. In that case the rule would defeat its own purpose"—citing National Bank of Commerce v. Ripley, 161 Mo. 126, 61 S. W. 587. " * * * The general words are not to be rejected, and the maxim ejusdem generis must yield to the maxim that every part of a statute should be upheld and given its appropriate effect if possible"—citing Misch v. Russell, 136 Ill. 22, 26 N. E. 528, 12 L. R. A. 125. " * * * To deny any word or phrase its own and natural meaning in any instance, the court ought to be quite sure that they are following the legislative intention"—citing Risdell v. Combs, 7 Ad. & E. 796.

The statute enumerates every kind of cost or appeal bond, and the words "other bonds or security" cannot be construed to mean some kind of cost or appeal bond, and to give these words any effect they must be construed to mean, as we think the plain language of the statute implies, any bond required in any suit or action of any kind.

When appellants present their claimant's affidavit under the trial of the right of property statute and ask that the property be delivered to them under the provisions of said statute, they file and bring a civil suit or action in the purview of this statute, and are, we think, expressly authorized by the statute to institute and prosecute their suit or action without giving the bond required of other litigants.

We think it clear the judgment of the trial court before set out is not a final judgment upon appellants' suit for mandamus, but only an interlocutory order refusing a temporary injunction.

The injunction was evidently refused because the trial judge was of opinion that the appellants were not entitled to invoke the statutory remedy of a trial of the right of property, or could not pursue such remedy without giving the bond required by the statute providing the remedy.

It follows from our conclusion above stated that the judgment must be reversed and judgment here rendered granting the temporary injunction pending a final hearing in the trial court on the right of appellants to a mandamus. Such judgment will be entered.

We cannot render a judgment for the mandamus, because the trial court has not yet passed upon the facts which appellants allege entitle them to the mandamus, and rendered no final judgment on that branch of the case.

Reversed and rendered.