**TEXAS & N. O. R. CO. et al. v. GREER et al.**
No. 8713.

Court of Civil Appeals of Texas. Austin.
April 20, 1938.

Rehearing Denied May 25, 1938.

David E. Hume, of Eagle Pass, and Herbert L. Smith, of Austin, for plaintiffs in error.

Felts, Wheeler & Wheeler, of Austin, for defendant in error C. B. Greer, Jr.

Wm. McCraw, Atty. Gen., and Albert G. Walker, Asst. Atty. Gen., for defendant in error Railroad Commission of Texas.

McCLENDON, Justice.

Plaintiffs in error, to whom we will refer as appellants, are a number of rail and other carriers who intervened in a suit by Greer to set aside an order of the Railroad Commission. The appeal of Greer is this day decided in Greer v. Railroad Commission et al., Tex.Civ.App., 117 S.W. 142, to the opinion in which we refer. Appellants, by their intervention, sought to set aside or annul Greer's special commodity permit issued February 16, 1932, on the ground that it was issued without notice or hearing. Greer's suit was filed October 21, 1933. Appellants' intervention was filed October 8, 1936. Greer urged by exception a plea of the statute of limitations of four years against the petition in intervention. The court reserved its ruling upon the plea until the trial upon the merits was concluded; at which time the plea was sustained and the intervention dismissed.

Appellants' brief is largely devoted to questions involved in the issue whether notice and hearing are essential prerequisites to the granting of special commodity permits under Vernon's Ann.Civ.St. Art. 911b, § 6(d). While these questions are very important and their presentation is very able and thorough, we deem it unnecessary to decide them, since the controlling question in this appeal is whether the court properly sustained the plea of limitation. For the purposes of this appeal we assume that notice and hearing were essential to the validity of Greer's permit.

Appellants' intervention was either a direct attack upon the order granting the permit under the right of appeal given by Art. 911b, § 20; or it was a collateral attack upon that order. We are strongly inclined to the view that it was the former. However, we will consider the question of limitations from both viewpoints.

Unless the statute of limitations was tolled, or was inapplicable under one or

more of the grounds urged by appellants, and considered below, the intervention was barred by the four years' statute of limitations (R.S. Art. 5529), whether the intervention be held a direct or collateral attack, for the following reasons:

■ 1. If a direct attack, appellants' cause of action, predicated upon the statutory right of appeal from the Commission's order granting the permit (Art. 911b, § 20), arose when the order was passed, February 16, 1932, and the four-year bar was completed February 16, 1936. The intervention was not filed until over seven months later.

■ 2. If the attack was collateral, appellants' cause of action arose when Greer began an adverse user under the permit. The record shows in this regard that such adverse user began and has existed continuously since the date of the permit, February 16, 1932.

The grounds upon which appellants urge that the statute was tolled or was not applicable follow:

1. The permit "being void for failure to observe the statutory steps (notice and hearing), it was not controlled by limitation, but could be attacked at any time."

2. "The permit, bearing on its face the limitations that it remain in effect from and after its date, subject to the provisions of the statute; the further orders of the Commission and the rules and regulations of the Railroad Commission of Texas heretofore prescribed, or which may be hereafter prescribed, is continuing in its nature, and not susceptible to the plea of limitation.

3. "Limitation did not and could not run in favor of defendant against interveners, defendant not having invoked it."

4. "Plaintiff, by filing said suit October 21, 1933, attacking the general order of the Commission of November 22, 1932, incidentally restricting his operations under a permit which retained the express powers so to restrict, tolled the statute of limitations."

5. "The Commission having given Greer, upon his application, a special commodity carrier permit, limited as to future orders of the Commission affecting it, Greer holding said permit from and through the Commission, cannot plead limitations where the Commission, itself, through which he held, could not plead it."

■ We think it unimportant whether the order granting the permit be regarded as void or merely voidable, in so far as concerns limitation. The controversy, as between appellants and Greer was one between private litigants. Greer was asserting a right to operate his trucks for hire under the permit granted and recognized as valid by the Commission. His continuous operation and consequent user under the permit was manifestly adverse to appellants, if, as they assert, they had a litigable interest in the subject matter of the permit. The record shows that prior to the decision in Stephenson v. Binford, 287 U.S. 251, 53 S.Ct. 181, 77 L.Ed. 288, 87 A.L.R. 721 (Dec. 5, 1932), the Commission construed Art. 911b, § 6(d), as not requiring notice or hearing upon applications for special commodity permits. Shortly after that decision the Commission adopted and has ever since observed the practice of giving notice and holding hearings upon such applications. Prior to this change in policy, appellants repeatedly and persistently importuned the Commission to grant the right of hearing upon these applications; which the Commission uniformly denied. If the order was void, appellants had the same right to enjoin operation under it in 1932 that they had when they filed their intervention in 1936. And whether void or voidable they were free during the entire limitation period (unless barred by laches) to have the permit annulled by statutory appeal.

■■ Under the second ground, above, appellants invoke the rule announced in Galveston Chamber of Commerce v. Railroad Commission, Tex.Civ.App., 137 S.W. 737, reversed on other grounds, 105 Tex. 101, 145 S.W. 573. That suit was to enjoin freight rates known as the Houston-Galveston differential, the long drawn out controversy over which is matter of history. The pertinent holding of the Court of Civil Appeals was that limitation did not apply to the action because (1) a suit against the Commission was in effect a suit against the state, in whose favor there was no prescribed statute of limitations; and (2) the duty imposed upon the Commission to prescribe just, reasonable, and non-discriminatory rates was a continuing one, and limitation did not apply to its dereliction of duty in that regard. The correctness of these holdings may be conceded; but they are clearly not applicable here. There is a fundamental distinction between rates prescribed by a rate-making board and a permit to operate as a carrier over the public highways. Such permit, while not a franchise, partakes of the nature of a license

to an individual (not revocable at will, however) to conduct a specified business upon the public highways, operation under which would ripen into a vested right at least as against attack by competing carriers. We do not mean to hold that the Commission was without power to discontinue the use of the highways to this class of traffic, whether or not under proper procedure and upon adequate grounds. With that question we are not here concerned. Our holding is simply that the right of interested private individuals to attack such permits or operation thereunder constitutes a cause of action as to which the statute of limitations applies. The fact that such permits, either by their express provisions or otherwise, are subject to future valid regulatory orders of the Commission has no material bearing upon the question.

 It is true that the Commission is a necessary party to a proceeding to set aside its order granting such permit. But it is likewise true that the permit holder is a necessary party to such proceeding. Chappell v. Rogan, 94 Tex. 492, 62 S.W. 539; Railroad Commission v. Rau, Tex. Civ.App., 45 S.W.2d 413. The Commission would not be a necessary, if in fact a proper, party to enjoin operation by individuals under a void order of the Commission. The right of individuals given by statute to appeal from orders of the Commission, whether or not such appeal may in any proper sense be classified as a suit against the state, is governed by general rules of law applicable to other suits or causes of action, at least to the extent that such rules may properly and appropriately be applied.

The rule invoked under the fourth ground does not apply to appellants' intervention. Plaintiff's suit was an attack upon a general order of the Commission. The intervention was an attack upon a separate and distinct order. The only bearing which validity of the order could have upon plaintiff's suit had relation only to Greer's litigious interest in the general order he was attacking; in other words his legal capacity to maintain the suit. It had no bearing upon the merits of the controversy, and in no proper sense was a defense to Greer's suit. Whether limitation as to an asserted cross-action is tolled by the pendency of the plaintiff's suit depends upon whether the matter asserted in the cross-action may properly be urged as a defense either in whole or in part to such

suit. Mason v. Peterson, Tex.Com.App., 250 S.W. 142. It is quite clear that if limitation applies at all to the subject matter of the intervention, it was not tolled by the pendency of Greer's suit.

What has already been said we think disposes of the third and fifth grounds. It is immaterial whether the Commission could have successfully plead limitation to appellants' intervention. As between appellants and Greer, the latter's operation under his permit (if invalid) constituted an invasion of appellants' rights which appellants were required to protect by suit within the limitation period.

The trial court's judgment is affirmed.

Affirmed.