RED ARROW FREIGHT LINES, Inc., et al.
v. MISSOURI-PACIFIC FREIGHT
TRANSPORT CO. et al.
No. 9288.

Court of Civil Appeals of Texas. Austin.
Nov. 18, 1942.

Rehearing Denied Dec. 9, 1942.

748

Rawlings, Sayers & Scurlock, of Fort Worth, Texas, for appellants.

Ben H. Powell, of Austin, and Richard F. Burns and J. L. Lockett, Jr., both of Houston (Andrews, Kelley, Kurth & Campbell, of Houston, of counsel), for appellee Missouri-Pacific Freight Transport Co.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and Ocie Speer, Asst. Attys. Gen., for appellee Railroad Commission of Texas.

BLAIR, Justice.

Appellants, Red Arrow Freight Lines, Inc., Mrs. C. L. Yost and C. L. Yost, d.b.a. Yost Truck Lines, and H. H. Lawler, d.b.a. Alamo Freight Lines, filed this proceeding on September 2, 1941, as an appeal under the provisions of Sec. 20, Art. 911b, Vernon's Ann.Civ.St., as amended from time to time, against appellees, Missouri-Pacific Freight Transport Company, the Railroad Commission of Texas, and its individual members, seeking to cancel a permanent certificate of convenience and necessity granted to Missouri-Pacific Freight Transport Company, herein called appellee, to operate a common carrier motor carrier service. The trial court sustained a plea in abatement to the petition and dismissed the suit, holding that "by laches and estoppel the plaintiffs * * * have lost and forfeited any right to bring and maintain this suit at this time"; hence this appeal.

The agreed facts show that on November 1, 1940, after an extensive hearing, the Railroad Commission granted appellee a certificate of convenience and necessity to operate as a common carrier motor carrier eight trucks over certain highways. Appellants Red Arrow Freight Lines and H. H. Lawler, but not appellants Mrs. C. L. Yost and C. L. Yost, filed with the Railroad Commission exceptions to said order which were in substance the same as the allegations upon which appellants seek to set aside the permits by this proceeding; and which exceptions were overruled on November 26, 1940, and the order of November 1, 1940, became final on November 26, 1940. The certificate was issued December 12, 1940, and on December 17, 1940, appellee began operations under the certificate. This statutory proceeding was instituted September 2, 1941, ten months after the order of November 1, 1940, and nine months and six days after the order of November 26, 1940, became final.

Appellee expended over $20,000 in compliance with the Commission's order granting the permit; advertised generally of the commencement of operations thereunder; and hired a number of employees to conduct such operations; most of which expenses were incurred within twenty days after the final order of November 26, 1940, and the commencement of operations by appellee on December 17, 1940.

Appellants were present at the hearing before the Commission. Some of them filed exceptions which were later overruled on November 26, 1940. Appellant Red Arrow Freight Lines' principal office is located in Houston, where the principal office of appellee is also located. Neither appellant ever notified appellee that it intended to prosecute an appeal from the order granting the certificate. After this proceeding was attacked by the plea in abatement, upon the ground of unreasonable delay in bringing it, laches and estoppel, appellants neither plead nor proved any fact which tended to show any reason for the delay in bringing this proceeding, and offered no excuse or reason why it could not have been brought at an earlier date. Upon these facts the trial court concluded that appellants were guilty of unreasonable delay, and "by laches and estoppel

* * * lost and forfeited any right to bring and maintain this suit at this time," and dismissed the case or proceeding.

As regards the similar oil conservation appeal statute, this court held in the case of Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 143 S.W.2d 138, 141, error refused: "What constituted a reasonable time, none being fixed by statute, in which a protestant must act in suing to set aside such permit; and whether an unreasonable delay in doing so has damaged the holder of such a permit, are fact questions to be determined under all the facts and circumstances of the particular case."

In Gulf Land Co. v. Atlantic Co., 134 Tex. 59, 62, 131 S.W.2d 73, it was held that where the statute provides no time within which a proceeding to test the validity of rules, regulations and orders of the Railroad Commission shall be filed, evidence of an unreasonable delay in appealing from orders pertaining to permits to drill oil wells, which caused opposite party to act to his injury, might give rise to the question of estoppel.

■ The statute with regard to appeals from orders granting certificates to operate motor common carrier busses or trucks does not prescribe any time within which the appeal may be prosecuted. Therefore, in determining the question of unreasonable delay in prosecuting such an appeal the courts should take notice of the peculiar facts and circumstances of the particular case and of the nature of the proceeding involved.

■■ In the instant case the proceeding is one to test the validity of a prima facie valid order of the Commission granting a certificate of public convenience and necessity to operate a common carrier motor carrier service upon the highways of this State. The service is for the benefit of the public and the public is interested in it, and since it is granted because of public convenience and necessity, the presumption is that the public will immediately use the service. The record shows that the service was put into operation twenty days after the final order approving it; that appellee advertised, placed its trucks on the road, and continued to do business under its certificate, without any notice from appellants that they intended to at any time contest the certificate, for a period of nine months and six days after the certificate was granted. Appellants made no showing whatever that they could not have filed the appeal earlier; nor that they were in any manner prevented from filing the appeal due to any reasonable cause or excuse. The statute gives proceedings arising under it precedence over all other cases of a dissimilar nature upon the dockets of both the trial and appellate courts; which necessarily shows the legislative intent to require that the appeals be taken without unreasonable delay from any order attacking the validity of a certificate of convenience and necessity to operate a motor truck or bus service upon the highways of this State. Under the facts stated we regard the conclusion of the trial court as being based upon sufficient evidence that appellants unreasonably delayed the filing of their proceeding attacking the validity of the certificate in question. This conclusion can reasonably be based upon the ground that the public, for whose convenience and necessity the certificate to operate the common carrier service was granted, immediately became interested in it, the presumption being that they began the use of it as a permanent service, and have contracted with reference to such use of it. This public interest demands that the proceeding attacking the validity of the certificate shall be taken without unnecessary or unreasonable delay.

No case has been cited or found by us which deals with unreasonable delay in filing a proceeding attacking the validity of an order of the Commission granting a certificate of public convenience and necessity to operate a common carrier motor truck service. The cases cited, dealing with the oil conservation statute, furnish a good analogy on principle, but they do not deal with subject matter in which the public is immediately and directly interested, because the public is only interested generally in the conservation of oil; whereas in the matter of a certificate to operate a common carrier motor truck service the public to be served is immediately and directly interested and affected. Such service is granted solely upon the ground of public convenience and necessity. In consequence the statutes relating to matters of public school administration, which provide for appeals but do not prescribe the time such appeals may be taken, and the decisions relating thereto furnish a complete analogy, and we think such decisions prescribe the correct rule.

In Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120, the court say: "At the time the transactions in question took place, the act of May 20, 1893, in relation to public free schools, was in force. Section 55 of that act empowered the trustees to employ and to dismiss teachers, but provided that, in case of dismissal, the teachers should have the right of appeal to the county and state superintendent. * * * But, while the act does not expressly fix any time within which the appeal shall be prosecuted, the public interest demands that it shall be taken without unnecessary delay; and we are satisfied from the very nature of the case that such was the intent of the legislature."

To the same effect are Watkins v. Huff, Tex.Civ.App., 63 S.W. 922, 923; Heaberlin v. Joaquin Ind. Sch. Dist., Tex.Civ.App., 95 S.W.2d 1339; Bear v. Donna Ind. Sch. Dist., Tex.Civ.App., 85 S.W.2d 797; and Trustees of Chilicothe Ind. Sch. Dist. v. Dudney, Tex.Civ.App., 142 S.W. 1007, 1008; the. courts uniformly holding that such appeals must be taken within a reasonable time, and that fifteen, eighteen, or perhaps thirty days was a reasonable time, but that one hundred and fifty days or eight months was not within a reasonable time. In the last case cited the court say:

" * * * There is nothing in the record showing any rule of the State Superintendent determining what is or shall be reasonable time in which appeals of this character shall be prosecuted. In the absence of any such rule, the sole inquiry then is: What is a reasonable time under all conditions surrounding the instant case? The district judge, after a full hearing, has decided that 30 days was a reasonable time within which appellee herein should have prosecuted his appeal to the State Superintendent. * * * While it seems to us that the record might have been procured and forwarded to the State Superintendent within less time than 18 days, we are not prepared to say that the decision of the trial judge, who heard all the evidence, in fixing a reasonable time for an appeal at 30 days, is improper, and we do not for that reason feel authorized to disturb his finding. The order refusing the injunction is therefore affirmed."

It may be admitted that in common carrier motor truck cases where lengthy hearings and voluminous records are involved, fifteen, twenty, thirty, or even sixty days might not be sufficient, but as regards the instant case where substantially the same grounds urged in the motion for a rehearing before the Commission, filed within twenty days, are urged on the appeal, we think that the trial court could have reasonably concluded that more than nine months or over two hundred and seventy-five days was not a reasonable time within which to appeal, and especially so since appellants, neither by pleadings in answer to the plea in abatement, nor by proof on the hearing thereof, offered any reason or excuse why they did not or could not have reasonably prosecuted their appeal at an earlier date.

In the instant case as in the school administration cases, it is not a matter so much of appellants sitting by while appellee expended large sums of money preparatory to and in carrying out the common carrier service, which matter may be regarded as being in the nature of laches or estoppel and controlled by rules relating thereto, but the paramount issue and matter involved is the interest of public convenience and necessity in the operation of the common carrier service; and as to this issue and matter the trial court could have reasonably concluded under the facts that more than nine months or two hundred and seventy-five days was not a reasonable time within which to appeal from the order granting the certificate to operate the common carrier service.

The judgment of the trial court is affirmed.