RAILROAD COMMISSION et al. v. BEACON OIL & REFINING CO.

No. 9842.

Court of Civil Appeals of Texas.
Austin.

Feb. 1, 1950.

Rehearing Denied Feb. 22, 1950.

Price Daniel, Atty. Gen., of Texas, and C. K. Richards and Durward M. Goolsby, Asst. Attys. Gen., for appellants.

Blair & Randle, Austin, Fred Upchurch. Austin, for appellee.

GRAY, Justice.

On November 1, 1948, appellee filed this suit against appellants as a statutory appeal from the action of the Commission in not acting on its application for a tender to move 76,465 barrels of crude oil into commerce within twenty days from the date of filing such application, in the alternative, from the order rejecting such application, and also as a suit in equity and for injunctive relief under Section 9 of Article 6066a, V.A.C.S.

Appellee alleged its application for tender was filed May 9, 1941, and further alleged:

"Notwithstanding that defendants were under a mandatory duty to approve or reject plaintiff's tender application within twenty days of the date of filing, or by May 29, 1941; and, in the event of rejection, under the mandatory duty to return one copy of such application to the plaintiff endorsing thereon all the reasons for such rejection; nevertheless, in utter disregard of said duty, the defendant Commission arbitrarily and capriciously refused, and is still refusing, to comply with the plain provisions of the law, and to this date has taken no legal action on plaintiff's application. Instead of taking legal action on said application within the requisite twenty-day period as defendant was required to do under the law, defendant Commission

merely, on a much later date, furnished plaintiff with a copy of plaintiff's application with the notation 'rejected.' This notation appears in the body of the instrument and on the line provided for the signature of the Commission's authorized agent, and said application as furnished does not purport to show by whom or under what authority said application was rejected. Moreover, no reasons whatever for the purported rejection of said tender application are endorsed on the back thereof as required by law. A true and correct copy of said tender application as was furnished the plaintiff is attached hereto and made a part hereof as Exhibit 'A.' In this connection, plaintiff says that said application form, Exhibit 'A,' constitutes an application for a tender when filed with the defendant Commission, and constitutes a tender upon which crude oil may be transported when and if approved by the defendant Commission or its duly authorized agent and a member of the so called Tender Board designated by its Chairman, but that unless said form is approved, the crude oil covered by such tender application may not lawfully be transported.

* * * * * *

"In the alternative only, plaintiff alleges that if it should be determined that plaintiff's application was rejected by the 'East Texas Tender Board,' composed of J. A. Mobley, W. J. Christian, and James A. Butts, Jr., or by the 'State Tender Board No. 1 of the Railroad Commission of Texas,' composed of the same men, or by the 'East Texas Tender Committee,' composed of the same men, or by any of said board or said committee, acting independently or as agent for the Texas Railroad Commission, then said action is unreasonable, unlawful, arbitrary and capricious * * *.

* * * * * *

"By reason of the foregoing plaintiff is being deprived of its property without due process of law and brings this suit both as an independent bill in equity and as an appeal from said illegal action of the Railroad Commission in failing and refusing to permit the movement of said crude oil by issuing tender permit there-for, all pursuant to the provisions of Section 9 of Article 6066a, Vernon's Annotated Texas Civil Statutes, being Chapter 246 of the Acts of the Regular Session of the 44th Legislature, 1935; and plaintiff is entitled to this court's writ of injunction enjoining the Railroad Commission of Texas, and its agents, servants, and employees from interfering with the transportation and sale of said oil by plaintiff and purchasers from plaintiff."

By special exception and by special plea appellants urged the four-year statute of limitation, laches and stale demand as defenses to appellee's alleged cause of action.

Upon a trial the court awarded appellee the relief prayed for, and held that no statute of limitation, or rule of laches, or stale demand ran in favor of appellants as against the order denying the tender.

The date of the rejection of appellee's application is not alleged, and "Exhibit A" is not brought forward in the transcript, however the trial court found the application was rejected "during the month of June, 1941."

The fact that appellee's cause of action (its right of appeal) accrued but was not prosecuted for more than seven years is not disputed, and, in our opinion, appellee does not allege sufficient reasons for not bringing its suit sooner.

By Section 1(g) of Article 6066a, supra, "tender" is defined to be a permit or certificate of clearance for the transportation of oil or products approved and issued or registered under the authority of the Commission. Section 9 of said Article makes it the duty of any authorized agent, when rejecting an application for tender, to return one copy of such application to the applicant, endorsing thereon all the reasons for such rejection, and gives the applicant the right of appeal from the action of such agent, by filing a petition in the district court of Travis County against the Commission for a review of the action of such agent. Upon such appeal the court is given the power to sustain, modify or overrule the action of the agent and to issue such restraining orders or injunctions as the facts may warrant.

Any person whose application is not acted on within twenty days of the date of its filing is given the right to appeal in the same manner as is provided for appeals from a rejection of application.

Appellee appeals from the nonaction of the agent, which right accrued upon the expiration of twenty days from May 9, 1941. In the alternative, appellee appeals from the rejection of its application, which right accrued "during the month of June, 1941." By Section 9, supra, the right of appeal in either instance is given, but no time in which such appeals must, or shall, be taken is there prescribed.

Article 5529, V.A.C.S., provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

As between private litigants suits of this character (the right of appeal from the orders of the Railroad Commission) the four-year statute of limitation has been held to apply. Texas & N. O. R. Co. v. Greer, Tex.Civ.App., 117 S.W.2d 148, Er. Dis.; Burford v. Sun Oil Co., Tex.Civ. App., 186 S.W.2d 306, Er.Ref.W.M. These cases are authority for holding that the applicable statute of limitation (if available as a defense here) is Article 5529, supra.

The fact that appellee may have stored the oil and awaited its own selection of time to move it into commerce without invading the rights of third parties is beside the question presented here. It could not move the oil into commerce without a tender which it sought by filing its application on May 9, 1941, and here prosecutes its remedy to have the action of the tender board reviewed because: (1) it failed to act within twenty days, and (2) it rejected the application. Either or both of which remedies accrued more than seven years before this suit was filed.

We need not labor the question that because the action is against an agency of the State it is in effect a suit against the State. The statute under which the action is brought authorized it, and even if it is a suit against the State, the State has consented to being sued. It is the general rule that the State, when sued with its consent, may avail itself of a plea of limitations. U. S. v. Sligh, 9 Cir., 24 F.2d 636; 53 C.J.S., Limitations of Actions, § 15(b), p. 945; 37 C.J., Sec. 29, p. 714; 34 Am.Jur., Sec. 382, p. 306. It appears that the courts of Texas have adopted the rule that when consent to sue the State is given then the defense of limitation is available to the State. State v. Elliott, Tex.Civ.App., 212 S.W. 695, Er.Ref.; Board of Prison Com'rs v. Binford, Tex. Civ.App., 259 S.W. 169; Power v. State, 41 Tex. 102.

We are of the opinion that the four-year statute of limitation is available to appellants.

Appellee appears to base its suit in equity on the failure of the Attorney General to institute confiscation proceedings. It alleges that if appellants had knowledge of the illegal acts of appellee, which appellants say they have had, then it was the mandatory duty of the Commission to report the same to the Attorney General and his mandatory duty to institute confiscation proceedings, penalty suits, and criminal complaints; that it can not compel the bringing of the confiscation suit, but since such suit is now barred by both limitation and laches, appellee should not now be prevented from now selling and moving its oil. And says it did not appeal until it became evident that the officials charged with that duty were not intending to file confiscation proceedings.

It may be conceded that confiscation proceedings, if instituted, would have determined the legality or the illegality of the oil in question. However, we do not think appellee could excuse its delay in taking this appeal until such time as another suit might justify or render useless such appeal. Neither do we think that the failure to institute confiscation proceedings would make it inequitable for appellants to plead limitation. Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688.

The law of limitation applies alike in equity cases as in cases at law. Hug-

gins v. Johnson, Tex.Civ.App., 3 S.W.2d 937, affirmed Huggins v. Johnson, supra; Franzetti v. Franzetti, Tex.Civ.App., 120 S.W.2d 123; 17 Tex.Jur., p. 33, Sec. 31.

We are of the opinion that appellee's statutory right of appeal from the order rejecting its application for tender is lost because of its failure to exercise such right within four years, in view of appellants' plea of limitation.

■ If we are in error in our view that appellee's right of appeal was barred by limitation at the time this suit was filed because the statute, Sec. 9, Art. 6066a, supra, prescribes no time in which to take such appeals, and such right must be determined by the rule of "reasonable time," we think appellants' plea of laches must be sustained because a reasonable time had expired on November 1, 1948.

In support of their affirmative defense of laches and stale demand, appellants alleged that appellee's delay in filing its appeal has deprived appellants of competent, material and relevant testimony of witnesses who have died and who have moved away and whose present address is unknown.

Upon the trial appellants offered in evidence the transcript of the testimony taken at the hearing on appellee's application for tender. This testimony was excluded by the trial court but is brought forward in aid of the bill of exception in support of appellants' plea of laches. This exception includes the testimony of George Wild who died August 25, 1942; R. A. Underdown who died May 3, 1945; Bailey S. Birdsong, who it is shown is in the Army.

W. R. Skeen who died January 10, 1949 (two months and ten days after this suit was filed—a pretrial hearing was had May 16, 1949, and the trial on the merits was had June 20, 1949). This witness (Skeen) lived in the vicinity of Kilgore but was not called as a witness at the hearing on appellee's application. No effort is shown to have been made to either take the deposition of Skeen or to have process issued for him as a witness. However, appellants say he could have been called as a hostile witness, and say, that by other testimony offered by them, it is shown that his testimony was material on the issue of the illegality of the oil in question.

This testimony was excluded by the trial court because, as he stated: "I understand this is being offered on their Plea of Laches only, and I will exclude it on the ground that the State had the right at all these times to file a suit for confiscation to test the status of this oil. You may put it in your bill."

We think the court was in error in so holding. The rule applicable here is stated in 19 Am.Jur., p. 355, Sec. 511, as follows: "The prejudicial situation in which the complainant's suit places the defendant may be occasioned by inability on the part of the latter, because of the complainant's delay in asserting his claim, to produce evidence in defense thereof, where matters of proof have been lost, witnesses have died, and the transaction giving rise to the suit has become obscured by the lapse of time. Furthermore, relief may be denied where it appears that one who participated in the disputed transaction has died or has suffered impairment of memory or mental faculties." See, also, 30 C.J.S., Equity, § 119, p. 542. We think this rule is the law in Texas. Walet v. Haskins, 68 Tex. 418, 4 S.W. 596, 2 Am.St.Rep. 501.

■ The statute, Sec. 9 of Art. 6066a, supra, which affords appellee the remedy of appeal here in question is not so different from laws affording litigants remedies for the enforcement of rights in other actions as to admit of an interpretation different from that generally applied. Appellee, having begun its action by filing its application for tender, is required to prosecute its right with diligence, in the same manner as suits begun on other causes of action. McCauley v. North Texas Traction Co., Tex.Civ.App., 21 S. W.2d 309, Er.Dis.

In any event appellee was required to bring its appeal within a reasonable time. Midas Oil Co. v. Stanolind Oil & Gas Co., 142 Tex. 417, 179 S.W.2d 243. From an examination of the authorities relative to analogous situations (Midas Oil Co. v. Stanolind Oil & Gas Co., supra; Red

Arrow Freight Lines v. Missouri Pacific Freight Transportation Co., Tex.Civ.App., 166 S.W.2d 747, Er.Ref., and the authorities cited) it is well established that the appeal must be taken within such time as is reasonable under the attendant circumstances, and without unnecessary delay. Under the record before us, there is no reason or excuse shown, or alleged, for delaying the appeal for more than seven years after the right accrued. For which reasons we hold, as a matter of law, that appellee did not bring its appeal within a reasonable time.

Section 9, supra, imposes the duty on the authorized agent, when an application for tender is filed, to grant or reject the same. Such duty being performed there is no continuing duty, relative to such application, imposed on the Commission. We do not think the duty imposed by Section 10 of said Art. 6066a on the Commission to report any unlawful oil to the Attorney General and on the Attorney General to institute confiscation proceedings is material to the question here.

Since we are holding that appellee did not bring its appeal within a reasonable time after the right accrued, and are sustaining appellants' plea of laches, it is not necessary for us to consider the merits of the cause.

The judgment of the trial court is reversed and judgment is here rendered sustaining appellants' plea of laches and dismissing appellee's suit.

Reversed and rendered.

HUGHES, Justice (concurring).

Section 9, Art. 6066a, VACS, fixes no time within which an applicant for a tender may appeal to the District Court of Travis County from a rejected application or inaction on such an application. Since this is a special statutory proceeding and not a common law action the provisions of the statute are exclusive. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372. The rule to apply then is "a reasonable time." Midas Oil Co. v. Stanolind Oil & Gas Co., 142 Tex. 147, 179 S.W.2d 243,

citing with approval Red Arrow Freight Lines v. Missouri Pacific Fr. Tr. Co., Tex. Civ.App., 166 S.W.2d 747, 749, Austin C.C.A. Writ Ref., where the court said: "The statute with regard to appeals from orders granting certificates to operate motor common carrier buses or trucks does not prescribe any time within which the appeal may be prosecuted. Therefore, in determining the question of unreasonable delay in prosecuting such an appeal the courts should take notice of the peculiar facts and circumstances of the particular case and of the nature of the proceeding involved."

Appellee's long delay in appealing from the order denying application for a tender is largely, if not wholly, sought to be excused on the ground that it was waiting for the Attorney General to file suit for confiscation of the oil.

The statute provides: "(b) When the Attorney General is advised from any source of the presence and existence of unlawful oil and/or unlawful products it shall be his duty to institute a suit in rem against such unlawful oil and/or unlawful product and against all persons owning, claiming or in possession thereof, such suit to be brought in the name of the State of Texas in any court of competent jurisdiction in Travis County or in the county in which such oil or product is located." Sub. (b), Sec. 10, Art. 6066a, V.A.C.S.

The trial court showed great concern over the failure of the State to sue for confiscation of this oil and made certain findings and conclusions in his judgment, quoted below, with the tenor of which conclusions, except as hereinafter noted, I am in full accord:

"* * * From time to time during this seven year period the defendants have been requested by plaintiff to issue the tender to move the oil, and the Attorney General has been requested or invited by the Commission to institute confiscation proceedings to definitely and finally determine and adjudicate the matter of the status of the oil, and plaintiff has requested both the defendants and the Attorney General to institute confiscation proceedings for the oil and to intervene herein for that purpose. No such

proceedings have been filed. Only the State, by its Attorney General, can institute such proceedings, because the State can not be sued without its consent. Meantime, plaintiff has been compelled to keep the oil in its expensive steel storage tank and to keep it insured, and has thus been deprived of the use of such storage tank for any other purpose. For these reasons the court finds and concludes that the failure of defendants to issue the tender to move the oil in question in commerce is tantamount to the confiscation of the oil and storage tank without due process of law, because the statute (Art. 6066a) makes it the imperative duty of the Railroad Commission, its members, agents and representatives upon discovery of any illegally produced oil to immediately report same to the Attorney General for confiscation and said statutes make it the duty of the Attorney General to immediately institute suit for the confiscation of the alleged illegal oil. * * *

"The court further finds that the action of the Railroad Commission of Texas and its attorney (the Attorney General of Texas) in refusing and continuing to refuse transportation tenders on the oil involved coupled with the inaction of the State and its attorney (the Attorney General of Texas) in instituting confiscation proceedings is in fact confiscating plaintiff's property without due process of law, and the plaintiff is helpless and without adequate remedy at law. The court finds that the oil in question is a useful commodity, inherently harmless and cannot, either in law or in equity, be, in effect, confiscated in such a manner. * * *

"The court is of the opinion that if this oil was illegally produced, the Attorney General should have immediately brought suit for confiscation, and in this connection the Court finds that the Attorney General has been apprised for several years of the Railroad Commission's contention as to the alleged illegality of the oil in controversy, the grounds upon which it was alleged to be illegal oil by the Commission, yet no suit has been filed by the State or the Attorney General in an effort to test its right of confiscation or to test the matter of the status of the oil.

"That if the foregoing stalemate procedure is continued by these state officials charged with the duties to act in the premises as above detailed, then not only will plaintiff's oil be confiscated, but its steel storage tank in which the oil is stored."

If appellee, as it contends, and as the trial court concluded, was powerless to precipitate action on the part of the Attorney General, then, it seems to me, the delay of more than seven years in taking an appeal would not be unreasonable. It could well be that appellee felt it had little or no chance of upsetting the order of the Commission, or its agent, on appeal because of the peculiar rules governing trials on such appeals, but that it had more than a fair chance of winning the confiscation suit under the more liberal rules applicable as in other civil cases. Sub. (c), Sec. 10, Art. 6066a. Little could be gained by carrying on the appeal and at the same time trying the suit for confiscation. While perhaps appellee should have been convinced before the lapse of seven years that the Attorney General would not willingly file suit for confiscation, I would not hold, as a matter of law, that the delay was unreasonable, if, as argued, appellee had no remedy. I believe the remedy of mandamus was available. Art. 1735, V.A.C.S. This Article is constitutional. American Nat. Bank of Austin v. Sheppard, Tex.Civ.App., 175 S. W.2d 626, Austin C.C.A. Writ Ref. W.O.M.

The case of Lewright v. Bell, 94 Tex. 556, 63 S.W. 623, was decided in 1901, and held that mandamus would not lie to compel the Attorney General to file a suit to forfeit the charter of a corporation. At that time Art. 4861, Rev.Stat. of 1895, p. 7, Acts 1881, the very antithesis of present Art. 1735, provided: "No court of this state shall have power, authority or jurisdiction to issue the writ of mandamus, or injunction, or any other mandatory or compulsory writ or process against any of the officers of the executive departments of the government of this state, to order or compel the performance of any act or duty which, by the laws of this state, they or either of them are authorized to perform, whether such act or duty be judicial, ministerial or discretionary."

At the same time Art. 946, Rev.Stat. of 1895, in the chapter defining the jurisdiction of the Supreme Court, provided that the court might issue the writ of mandamus against any officer of the state government except the Governor.

Article 1735 now reads, in part: "The Supreme Court only shall have power, authority or jurisdiction to issue the writ of mandamus * * * against any of the officers of the executive departments of the government of this state * * * to order or compel the performance of any act or duty which, by the laws of this state, they, or either of them, are authorized to perform, whether such act or duty be judicial, ministerial or discretionary."

It will be observed that there has been a complete reversal of legislative policy in this regard since 1881.

If I am correct in believing that appellee had recourse from the refusal of the State to bring confiscation proceedings, then I am of the opinion that the delay of appellee in prosecuting this appeal is unreasonable, it appearing that witnesses once available are now gone.

On the other hand, if I am incorrect in believing that appellee had such remedy then I would not hold such delay unreasonable. This because the State was in default in failing to obey the mandate of the statute to bring suit for confiscation of the oil. Refusal of tender to move the oil is only a step in aid of its confiscation. No property rights are altered and no oil is forfeited by the tender proceedings. These questions arise in the confiscation suit and until such suit is brought the matters might be held in abeyance indefinitely. The delay here has been more than seven years during which time the oil in question has been stored at considerable expense, and kept out of commerce. If the oil is illegal oil, it should be confiscated; if not, it should be freed. The failure of the State to complete the statutory processes for dealing with this oil borders on duress, and the State should not receive any benefit therefrom.

I do not agree that the failure of the State to institute confiscation proceedings furnishes any reason for the Railroad Commission to issue a tender for this oil.

Entertaining the views expressed in this opinion, I concur in the decision of the majority.